Dale Cendali (SBN 1969070)
dale.cendali@kirkland.com
Mary Mazzello (*pro hac vice forthcoming*)
mary.mazzello@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Yan-Xin Li (SBN 332329)
yanxin.li@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

Attorney for Defendant
*Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| CHARLES BERTINI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | CASE NO. 24-CV-03437-YGR<br><br>**DEFENDANT APPLE INC.'S MOTION TO DISMISS**<br><br>Complaint Filed Date:  June 7, 2024<br><br>Hearing Date:  December 3, 2024<br>Hearing Time:  2:00 p.m.<br>Judge:　　　　Hon. Yvonne Gonzalez Rogers<br>Courtroom:　　1 – 4th Floor |

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 3, 2024 at the 2:00 p.m.  Oakland Courthouse, Courtroom 1, 4th Floor, at 2:00 p.m. or as soon thereafter as the matter may be heard, before the Honorable Yvonne Gonzalez Rogers, United States District Judge for the Northern District of California, Defendant Apple Inc. ("Apple") will and does hereby move for dismissal of Plaintiff Charles Bertini's ("Bertini") Complaint.

Apple seeks dismissal of the above-named claims against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declaration of Mary Mazzello and supporting exhibits that have been incorporated by reference into the Complaint, the papers on file in this matter, the arguments of counsel, and any other matter the Court wishes to consider.

DATED: October 4, 2024                    Respectfully submitted,

_/s/ Dale M. Cendali_
Dale Cendali (SBN 1969070)
dale.cendali@kirkland.com

*Attorney for Defendant*
*Apple Inc.*

# **TABLE OF CONTENTS**

**Page(s)**

I.     INTRODUCTION ......................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND...........................................2

      A.      Apple and its Application to Register the APPLE Trademark in Class 41 ............2

      B.      Bertini and His Attempt to Cancel the APPLE Registration ...................................5

III.   DOCUMENTS INCORPORATED BY REFERENCE ........................................7

IV.   ARGUMENT ........................................................................................9

      A.      Legal Standard ............................................................................9

      B.      Bertini's First Claim (Abandonment) Fails Because Bertini Did Not Allege Facts Supporting Non-Use of the APPLE Trademark ...............................................9

      C.      Bertini's Fraud on the USPTO Claims Fail Because They Are Conclusory .........12

           1.      Bertini's Claim for Fraud in the Procurement (Claim Two) Fails Because It Is Conclusory and Nonspecific .................................................13

           2.      Bertini's Claim for Fraud in the Maintenance (Claim Three) Fails Because It Is Conclusory and Belied by Both Allegations in the Complaint and the Specimen of Use Apple Submitted to the USPTO......14

           3.      Bertini's Other Fraud in the Maintenance Claim (Claim Four) Fails Because It Is Conclusory and Belied by the Complaint and Specimen of Use ...............................................................................16

      D.      Bertini's Fifth Claim (Liability for Damages Due to Fraud) Should Be Dismissed for Failure to State a Claim ...............................................................17

V.     CONCLUSION.......................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Sec. Bank v. Am. Sec. & Tr. Co.*,
571 F.2d 564 (C.C.P.A. 1978) ...............................................................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................................9

*Belstone Cap., LLC v. Bellstone Partners, LLC*,
No. 2:16 Civ. 01124, 2017 WL 1153111 (E.D. Cal. Mar. 28, 2017) ................... *passim*

*Bertini v. Apple Inc.*,
Cancellation No. 92068213, 2018 WL 5016953 (Oct. 9, 2018)...........................1, 6

*Bertini v. Apple Inc.*,
Cancellation No. 92068213, 18 TTABVUE (T.T.A.B. April 11, 2019) ....................7

*Bertini v. Apple Inc.*,
Cancellation No. 92068213, 2024 WL 1231233 (T.T.A.B. Mar. 20, 2024) .......................7, 11, 13

*In re Bose Corp.*,
580 F.3d 1240 (Fed. Cir. 2009)............................................................................12

*DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*,
No. 12 Civ. 01454, 2013 WL 4026366 (S.D. Cal. Aug. 6, 2013) .........................10, 12

*Electro Source, LLC v. BrandessKalt–Aetna Grp., Inc.*,
458 F.3d 931 (9th Cir. 2006) ...............................................................................10

*Fayer v. Vaughn*,
649 F.3d 1061 (9th Cir. 2011) .............................................................................9, 14

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .................................................................................7

*Motul S.A. v. USA Wholesale Lubricant, Inc.*,
686 F. Supp. 3d 900 (N.D. Cal. 2023) ....................................................................9

*Nat'l Bakers Servs., Inc. v. Hain Pure Food Co., Inc.*,
207 U.S.P.Q. 701 (T.T.A.B. 1980) .......................................................................11

*On-Line Careline Inc. v. America Online Inc.*,
229 F.3d 1080 (Fed. Cir. 2000)............................................................................10

*OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*,
    897 F.3d 1008 (9th Cir. 2018) ........................................................12, 13, 16

*Paris Glove of Canada, Ltd. v. SBC/Sporto Corp.*,
    84 U.S.P.Q.2d 1856 (T.T.A.B. 2007) ...........................................................16

*Prudential Ins. Co. of Am. v. Gibraltar Fin. Corp. of Calif.*,
    694 F.2d 1150 (9th Cir. 1982) .........................................................................9

*In re Raychem Corp.*,
    12 U.S.P.Q.2d 1399 (T.T.A.B. 1989) ...........................................................11

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
    442 F.3d 741 (9th Cir. 2006) ...........................................................................9

*Teeter-Totter, LLC v. Palm Bay Int'l, Inc.*,
    344 F. Supp. 3d 1100 (N.D. Cal. 2018) ...........................................................9

*Threshold Enters. Ltd. v. Lifeforce Digital Inc.*,
    No. 22 Civ. 06483, 2024 WL 1643697 (N.D. Cal. Apr. 15, 2024) ................10

*Zero Motorcycles, Inc. v. Pirelli Tyre S.p.A.*,
    802 F. Supp. 2d 1078 (N.D. Cal. 2011) .............................................15, 16, 17

**Statutes**

15 U.S.C. § 1051(d)(2) .......................................................................................2

15 U.S.C. § 1071 ................................................................................................9

15 U.S.C. § 1127 ............................................................................................9, 10

**Rules**

Fed. R. Civ. P. 8 .................................................................................................9

Fed. R. Civ. P. 9(b) ..................................................................................... *passim*

Fed. R. Civ. P. 11 ............................................................................................1, 6

Fed. R. Civ. P. 12(b)(6) ...................................................................................7, 9

**Other Authorities**

4 *McCarthy on Trademarks and Unfair Competition* (5th ed.)......................12, 13

*Trademark Manual of Examining Procedure* ....................................................2

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

This case is an appeal from the United States Patent and Trademark Office's ("USPTO") Trademark Trial and Appeal Board ("TTAB") related to the APPLE trademark. Plaintiff Bertini seeks to overturn the USPTO's decisions in favor of Apple. First, Bertini challenges the USPTO's decision refusing to cancel Apple's twelve-year-old federal registration of the APPLE service mark for educational and entertainment services (Reg. No. 4088195, the "APPLE Registration") on the basis of abandonment. Second, he attempts—for the fourth time—to cancel the APPLE Registration on the basis of fraud after the USPTO dismissed all his previous attempts, the last with prejudice. Each of his claims should be dismissed.

The abandonment claim fails because, even as Bertini's own Complaint asserts, Apple *used* its APPLE mark in connection with entertainment services. Apple thus plainly did not intend to abandon its mark for entertainment services, as required for Bertini to establish abandonment. The abandonment claim also fails because Bertini seeks to cancel Apple's *entire* registration on the basis of purported nonuse, yet the Complaint does not even attempt to allege nonuse with respect to educational services. Instead, it contains allegations of nonuse with respect to entertainment services only.

With respect to fraud, the TTAB repeatedly dismissed Bertini's fraud claims as merely conclusory, warning him to review Rule 11 of the Federal Rules of Civil Procedure and ensure that he has a sound factual basis for alleging any further fraud claims. *Bertini v. Apple Inc.*, Cancellation No. 92068213, 2018 WL 5016953, at *8 (Oct. 9, 2018) (the "2018 TTAB Decision"). Yet Bertini alleges three fraud claims here on the theory that Apple purportedly was not using the APPLE mark in connection with entertainment services when it told the USPTO that it was. These claims should be dismissed because Bertini again relies on mere conclusory allegations. Apple also submitted a specimen of use to the USPTO showing its use of the APPLE mark in connection with entertainment services, and the USPTO accepted such evidence. Apple, thus, could not have committed fraud in stating that it used the mark for such services at the time it submitted the specimen.

Accordingly, for the reasons stated herein, Apple respectfully requests that this Court dismiss Bertini's abandonment and fraud on the USPTO claims.

II.    **FACTUAL AND PROCEDURAL BACKGROUND**

    A.    **Apple and its Application to Register the APPLE Trademark in Class 41**

Apple is a consumer technology and services company with "well known" goods and services "both in the U.S. and abroad." Dkt. 4 ("Compl.") ¶74. Unsurprisingly, Apple has used its APPLE mark in connection with a wide range of goods and services, including many educational and entertainment services. Even by Bertini's telling, these services include "Apple Special Event[s]" where Apple introduces new products; an "Apple Keynotes podcast" that includes "video of [Apple's] most important announcements;" an "Apple Education Event;" and a music entertainment service called "Apple Music." *Id*. at ¶¶44–62, 73, 83, 84.

On March 22, 2008, Apple applied to register the APPLE mark for various educational and entertainment services (the "Application"). *Id*. at ¶22. The USPTO published the Application for opposition on February 16, 2010, allowing any interested party to oppose it. Declaration of Mary Mazzello ("Mazzello Decl.") Ex. F.[1] After no party opposed, the USPTO issued a Notice of Allowance providing Apple six months to submit a Statement of Use along with a specimen demonstrating use of the mark (with at least one of the applied-for-services). *Id*. Ex. G. The USPTO allows parties to extend this deadline up to five times, with each extension lasting six months. 15 U.S.C. § 1051(d)(2); *Trademark Manual of Examining Procedure* § 1108.01.

Apple received two such extensions of time. Compl. ¶94. Then, on November 11, 2011, Apple filed a Statement of Use verifying that the APPLE mark was in use on all of the services listed therein. *Id*. at ¶¶94–96. Thomas La Perle—a Senior Director in Apple's Legal Department, managing Apple's Trademark and Copyright Group, who has been employed continuously by Apple as a trademark attorney since September 1999—signed the Statement of Use confirming that the mark was in use in commerce on or in connection with all the services listed therein (the "SOU Declaration"). *Id*. Mr. La Perle also submitted the following specimen with the Statement of Use showing use of the mark in connection with services listed in the application.

---

[1] All exhibits referenced herein are attached to the Declaration of Mary Mazzello. As discussed in Section III below, public filings related to the Application and the TTAB proceeding from which this appeal arises have been incorporated-by-reference into the Complaint and, thus, Apple refers to information in those filings here.



Mazzello Decl. Ex. A at 6. Shortly thereafter, on December 13, 2011, the USPTO issued a Notice of Acceptance of the Statement of Use, and then issued the APPLE Registration on January 17, 2012 for the the following services:

> Educational/Informational Services: "Education and training services, namely, arranging and conducting personal training, classes, workshops, conferences and seminars in the field of computers, computer software, online services, information technology, website design, and consumer electronics; arranging professional workshop and training courses; computer education training services; training in the use and operation of computers, computer software and consumer electronics; online journals, namely, blogs featuring general interest topics covering a wide variety of topics and subject matter; providing on-line publications in the nature of magazines, newsletter and journals in the field of computers, computer software and consumer electronics.

> Entertainment services: "providing information, podcasts and webcasts in the field of entertainment via the Internet concerning movies, music, videos, television, sports, news, history, science, politics, comedy, children's entertainment, animation, culture, and current events; digital video, audio and multimedia publishing services; providing entertainment information regarding movies, music, videos, television, sports, news, history, science, politics, comedy, children's entertainment, animation, culture, and current events; providing information, reviews and personalized recommendations of movies, music, videos, television, sports, news, history, science, politics, comedy, children's entertainment, animation, culture, and current events in the field of entertainment; entertainment services, namely, production of live musical performances; entertainment services, namely, providing live musical performances online via a global computer network; rental of digital entertainment content in the nature of movies, music, videos, television, sports, news, history, science, politics, comedy, children's entertainment, animation, culture, and current events, by means of communications networks, namely, provision of non-downloadable audio and audiovisual programs via an online video-on-demand service; providing a database of digital entertainment content in the nature of movies, music, videos, television, sports, news, history, science, politics, comedy, children's entertainment, animation, culture, and current events via electronic communication networks; entertainment services, namely, providing prerecorded audio and audiovisual content, information and commentary in the fields of music, concerts,

videos, movies, television, books, news, sports, games and cultural events all via a global computer network."[2]

Compl. ¶101.

Apple has used the APPLE mark on all of those services and maintained the registration ever since. On January 17, 2018, Apple submitted a Declaration of Use (combined with a Declaration of Incontestability) as part of a routine maintenance filing for the APPLE Registration. *Id.* at ¶122. The declaration again included a statement by Mr. La Perle that the APPLE mark was "in use in commerce on or in connection with all goods or services listed" in the APPLE Registration (the "2018 La Perle Declaration"). *Id.* As required for such declarations, Apple included with the submission a specimen showing current use of the APPLE mark for services listed in the registration, shown below.



Ex. B at 8.

---

[2] Apple has divided the services into two groups for the Court's ease of reference, but notes that Bertini has not stated which services he believes are "educational" services versus "entertainment" services.

One month later, the USPTO notified Apple that its declaration and specimen of use submission were acceptable but the APPLE Registration had been randomly selected for audit, requiring Apple to submit additional "proof of use" for some specific educational and entertainment services. *Id.* at ¶108; Ex. C at 2. Apple complied and submitted a specimen showing use of "Apple Machine Learning Journal" for the educational services of "providing on-line publications in the nature of magazines, newsletter and journals in the field of computers" and a specimen (inserted below) showing use of the mark for "entertainment services, namely, production of live musical performances."



Ex. D at 5.  In addition, Apple trademark attorney Senior Counsel Karen Kitterman submitted a statement affirming that Apple was "using the mark in commerce on or in connection with the goods and/or services identified in the registration for which use of the mark in commerce is claimed, as evidenced by the submitted proof of use, during the relevant period for filing the affidavit of use" (the "Kitterman Declaration"). Compl. ¶109. The USPTO approved this submission, stating that "the evidence of proof of use is acceptable, and therefore the owner has satisfied the requirements of the audit outlined in the February 22, 2018 Office action." *Id.* at ¶118.

**B.    Bertini and His Attempt to Cancel the APPLE Registration**

On June 5, 2016,  Bertini filed a trademark application to register APPLE JAZZ with the USPTO in Class 41 for a variety of entertainment services. *Id.* at ¶8. The USPTO refused registration due to a

likelihood of confusion with a large number of Apple's earlier filings, including the APPLE Registration that is the subject of this dispute. *Id*.[3]

On March 19, 2018, Bertini filed a Petition to Cancel the APPLE Registration before the TTAB, alleging abandonment and fraud on the USPTO based on the SOU Declaration ("Cancellation Proceeding"). *See id*. at ¶¶9–10. On May 4, 2018, Apple moved to dismiss. Ex. E (T.T.A.B. Docket, Entry No. 5). Bertini amended his cancellation petition before the TTAB could decide Apple's motion to dismiss. *Id*. (Entry No. 6); *see also* Compl. ¶10 (admitting the amendment, but erroneously stating it occurred on October 24, 2018). The amended petition asserted *seven* fraud claims based on the SOU Declaration and Apple again moved to dismiss. *See* 2018 TTAB Decision at *1; Ex. E (Entry No. 7). On October 9, 2018, the TTAB granted Apple's motion, holding that Bertini's fraud claims based on statements in the SOU Declaration were "conclusory and not supported by sufficient facts to infer the Mr. La Perle acted with the intent to deceive the USPTO." 2018 TTAB Decision at 8. The TTAB also warned Bertini:

> "[B]ecause Petitioner has accused Respondent of committing fraud under seven separate sets of facts, including several claims that are not warranted by existing law, the allegations appear to be, at a minimum, based on an insufficient inquiry under the circumstances. Thus, **Petitioner is advised to review Rule 11** of the Federal Rules of Civil Procedure and ensure that he has a sound factual basis for alleging any grounds to refuse registration other than abandonment."

*Id*. The Board also included a quote from McCarthy on Trademarks & Unfair Competition admonishing Bertini that: "Applicants and registrants should not be subjected to harassment by loosely framed and ill-considered charges of fraud." *Id*. at *8 n.9.

Undeterred, Bertini attempted a third time to cancel the APPLE Registration, filing his second amended petition on October 28, 2018. Ex. E (Entry No. 12). In April 2019, the TTAB dismissed Bertini's claims of fraud on the USPTO, this time with prejudice, reasoning that "[b]ecause the Board has found that Petitioner failed to sufficiently plead his seven asserted counts of fraud in his first amended petition

---

[3] The Complaint in ¶8 asserts that the USPTO refused the APPLE JAZZ application due to a likelihood of confusion with the APPLE Registration. The USPTO in fact refused his APPLE JAZZ application due to likelihood of confusion with four of Apple's APPLE and APPLE MUSIC incontestable registrations. Thus, even if this APPLE Registration were cancelled, the USPTO has maintained Apple's APPLE (U.S. Reg. 2034964), APPLE (U.S. Reg. 3317089) and APPLE MUSIC (U.S. Reg. 5330141) registrations as bars to his application. Bertini has not attempted to cancel any of the other cited registrations.

1  for cancellation and Petitioner has again failed to plead a legally sufficient fraud claim in his second

2  amended petition, the Board finds that granting leave to replead the fraud claim would not serve the

3  interests of justice." Order, *Bertini v. Apple Inc.*, Cancellation No. 92068213, 18 TTABVUE 3 (T.T.A.B.

4  April 11, 2019).

5      This decision left only Bertini's claim of abandonment for trial before the TTAB. Yet after a full

6  opportunity to take discovery and present his abandonment case, the TTAB rejected this claim as well,

7  finding as a factual matter that "Petitioner has not presented a prima facie case of abandonment based on

8  three years of nonuse of the APPLE mark for any services identified in the challenged registration." *Bertini*

9  *v. Apple Inc.*, Cancellation No. 92068213, 2024 WL 1231233, at *13 (T.T.A.B. Mar. 20, 2024). The TTAB

10  also noted that because Bertini had failed to make a prima facie case, it "need not look to Respondent's

11  use of its APPLE mark in connection with its recited services. Nonetheless, [it noted] that Respondent

12  [had] introduced evidence of use of its APPLE mark alone in connection with its recited services." *Id.* at

13  *12 n.14.  It further found that "Respondent's use of, e.g., APPLE TV, APPLE STORE or APPLE MUSIC

14  all feature the distinctive term APPLE and a generic term. Such use supports Respondent's use of APPLE

15  in connection with the services identified in this evidence." *Id*. at 12.

16      Bertini now appeals this decision on abandonment in yet another attempt to cancel the APPLE

17  Registration and is attempting for a fourth time to plead fraud. Apple's counsel and Bertini's counsel met

18  and conferred on July 22, 2024, regarding this motion to dismiss, and Apple provided Bertini's counsel

19  with relevant case law. Bertini, however, refused to amend his Complaint. Thus, for the reasons discussed

20  below, Bertini's claims should be dismissed.

21  **III.    DOCUMENTS INCORPORATED BY REFERENCE**

22      Under the "incorporation by reference" doctrine, a court may treat a document as though it is

23  incorporated into the complaint itself "if the plaintiff refers extensively to the document or the document

24  forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th

25  Cir. 2018). "The doctrine prevents plaintiffs from selecting only portions of documents that support their

26  claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*. "[A]

27  court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss

28  under Rule 12(b)(6)." *Id*. at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

Here, the following documents have been incorporated by reference into the Complaint:

- The November 11, 2011 Statement of Use, attached as Exhibit A to the declaration of Mary Mazzello. This Statement of Use has been incorporated by reference because it forms the basis for Bertini's Second Cause of Action for fraud on the USPTO, which is based on La Perle's statement in this document. Compl. ¶¶93–106.

- The January 17, 2018 Combined Declaration of Use and Incontestability under Section 8 & 15, attached as Exhibit B to the Mazzello Declaration. This document has been incorporated by reference because it forms the basis for Bertini's Fourth Cause of Action for fraud on the USPTO, which is based on La Perle's statement in this maintenance document. Compl. ¶¶121–129.

- The February 22, 2018 Post Registration Office Action, attached as Exhibit C to the Mazzello Declaration. This document has been incorporated by reference because the Complaint quotes a portion of this Office Action in Paragraph 108 and alleges that Apple committed fraud on the USPTO through its response to this Office Action. Compl. ¶¶107–120. Therefore, the Office Action provides necessary context for understanding the claim against Apple. Further, incorporating the document prevents Bertini from merely selectively quoting the portions that allegedly support his claim.

- The August 21, 2018 Response to Office Action for Post-Registration Matters, attached as Exhibit D to the Mazzello Declaration. This document has been incorporated by reference because it forms the basis for Bertini's Third Cause of Action for fraud on the USPTO, which is based on Kitterman's statements in this post-registration document. Compl. ¶¶107–120.

- The docket from the underlying TTAB proceeding, attached as Exhibit E to the Mazzello Declaration. This docket has been incorporated by reference, as this entire case is Bertini's attempt to overturn the TTAB's decision refusing to cancel the APPLE Registration. For example, one of the jurisdictional bases for this case is that it is an appeal from the TTAB's decision. Compl. ¶3 (citing 15 U.S.C. § 1071 Appeal to Court). Bertini also references various events from the cancellation proceeding, such as the date the action was filed, Bertini's filing of an amended cancellation petition, suspension of the cancellation proceeding, and the final decision in the cancellation proceeding. Compl. ¶¶10, 13, 16–19. This document shows the accuracy and inaccuracy of these various descriptions and shows the full list of filings made in the TTAB proceeding, not just those about which Bertini wants this Court to know.

- The January 27, 2010 Notice of Publication and May 11, 2010 Notice of Allowance for the APPLE Registration, attached as Exhibits F and G to the Mazzello Declaration. The documents concern the prosecution of the APPLE Registration that is the subject of this proceeding. Bertini provides details regarding the statements of use and extensions of time requested in connection with prosecuting this registration, but omits information about publication and the allowance of the marks by the USPTO. Admitting these documents prevents Bertini from selectively citing certain documents related to the prosecution of the APPLE Registration, but not others.

Alternatively, the Court may take judicial notice of the above-referenced documents, as "[m]aterials in the online files of the USPTO and other matters of public record are proper subjects of

1    judicial notice." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Motul*

2    *S.A. v. USA Wholesale Lubricant, Inc.*, 686 F. Supp. 3d 900, 909 (N.D. Cal. 2023).

3    **IV.    ARGUMENT**

4        **A.    Legal Standard**

5        The Court should dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) because

6    it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief"

7    under Rule (8)(a)(2) and also fails to satisfy the heightened pleading standard applicable to fraud claims

8    under Rule 9(b).  Rule 8 requires a plaintiff to plead "enough facts to state a claim to relief that is plausible

9    on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), while Rule 9(b) requires allegations of

10   fraud to be pleaded with particularity. "A claim has facial plausibility when the plaintiff pleads factual

11   content that allows the court to draw the reasonable inference that the defendant is liable for the

12   misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under either rule, however, the Court

13   need not accept as true allegations contradicted by judicially noticeable facts and it "may look beyond the

14   plaintiff's complaint to matters of public record." *Teeter-Totter, LLC v. Palm Bay Int'l, Inc.*, 344 F. Supp.

15   3d 1100, 1104–05 (N.D. Cal. 2018) (citing *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000);

16   *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995)). The Court is also not required to "assume the truth

17   of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*,

18   649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

19       Under 15 U.S.C. § 1071(b)(1), parties may initiate civil actions in federal district court to appeal

20   TTAB decisions. This is an alternative avenue to appeal to the Federal Circuit and is framed as a civil suit

21   against the adverse party from the TTAB proceeding. 15 U.S.C. § 1071(b)(1); § 1071(b)(4). The Director

22   of the USPTO is not a party to the suit but shall have the right to intervene. § 1071(b)(2).

23       **B.    Bertini's First Claim (Abandonment) Fails Because Bertini Did Not Allege Facts**

24           **Supporting Non-Use of the APPLE Trademark**

25       Plaintiff's claim that Apple abandoned its APPLE mark must be dismissed. A plaintiff pursuing a

26   claim of abandonment through nonuse must allege that (1) the mark's use has been discontinued and (2)

27   the owner of the mark intended not to resume such use. 15 U.S.C. § 1127. "Abandonment of a trademark,

28   being in the nature of a forfeiture, must be strictly proved." *Prudential Ins. Co. of Am. v. Gibraltar Fin.*

9

*Corp. of Calif.*, 694 F.2d 1150, 1156 (9th Cir. 1982); *Threshold Enters. Ltd. v. Lifeforce Digital Inc.*, No. 22 Civ. 06483, 2024 WL 1643697, at *2 (N.D. Cal. Apr. 15, 2024). Because registrations are "presumed valid, the party seeking cancellation must rebut this presumption by a preponderance of the evidence." *On-Line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1087 (Fed. Cir. 2000).

When seeking cancellation of an entire registration for abandonment—as Bertini does here, Compl. ¶92—a plaintiff must show the registered mark's discontinuance with all of the services listed in the registration. *See Electro Source, LLC v. BrandessKalt–Aetna Grp., Inc.*, 458 F.3d 931, 938 (9th Cir. 2006) ("[A]bandonment requires complete cessation or discontinuance of trademark use"). Cancellation of an entire registration based on abandonment is inappropriate where a plaintiff avers abandonment for only *some* of the services covered by the registration. *See, e.g.*, *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12 Civ. 01454, 2013 WL 4026366, at *2 (S.D. Cal. Aug. 6, 2013) (finding that plaintiff failed to state a claim where complaint only alleged non-use of some of the goods in the registrations).

There are two reasons why the Court should dismiss Bertini's abandonment claim. ***First,*** as Bertini acknowledges, Apple uses the APPLE mark for the registered services. Bertini's Complaint thus undermines any claim that Apple intended not to resume use of the APPLE mark for entertainment services,[4] which is required to establish abandonment. 15 U.S.C. § 1127 (abandonment requires (a) discontinuance, and (b) intent not to resume use). To allege intent not to resume use, Bertini relies on the statutory presumption that nonuse for three consecutive years constitutes prima facie evidence of abandonment. Compl. ¶92. But even assuming arguendo that Apple did not use the APPLE mark for three years for entertainment services, Bertini still fails to state a claim for abandonment because his own Complaint asserts that Apple ***used*** the APPLE mark for various entertainment services after the three year period. *See Crash Dummy Movie, LLC v. Mattel, Inc.*, 601 F.3d 1387, 1392 (Fed. Cir. 2010) ("The [court] may consider evidence and testimony regarding [the registrant's] practices that occurred before or after the three-year statutory period to infer [the registrant's] intent to resume use during the three-year period."). For example, Bertini alleges that Apple produced the "Apple Music Festival" in 2015 and 2016;

---

[4] Apple also uses its APPLE mark for educational services, Compl. ¶48 (Apple Education Event held in 2012), but Bertini does not seek cancellation on the grounds of purported nonuse with educational services.

offered an "Apple Keynotes podcast" that included "video of the company's most important announcements;" and used the trademark APPLE MUSIC to "identify Apple's entertainment services beginning at least as early as October 26, 2018." *Id*. at ¶¶46, 73, 84. Therefore, there could not have been an intent not to resume use, as the Complaint itself alleges **use** of the APPLE mark. The abandonment claim should be dismissed for this reason as well.

Bertini's position seems to be that using the term APPLE in connection with other words (e.g., "MUSIC" or "TV") does not constitute evidence of use of the APPLE mark, but this is not the law. As the TTAB noted, "[t]he addition of a generic or highly descriptive term does not necessarily detract from the separate commercial impression created by the mark APPLE alone." *Bertini*, 2024 WL 1231233, at *12; *see also, e.g.*, *Am. Sec. Bank v. Am. Sec. & Tr. Co.*, 571 F.2d 564, 567 (C.C.P.A. 1978) ("the word 'bank' is purely descriptive and adds nothing to the origin-indicating significance of AMERICAN SECURITY" which is the legal equivalent of AMERICAN SECURITY BANK.); *In re Raychem Corp.*, 12 U.S.P.Q.2d 1399, 1399–1400 (T.T.A.B. 1989) (specimen displaying TR06AI-TINEL-LOCK-RING 07/22/87 supported registration for TINEL-LOCK because the alphanumeric part number and generic designation Ring were not essential to the commercial impression of the mark and played no integral role in distinguishing applicant's goods); *Nat'l Bakers Servs., Inc. v. Hain Pure Food Co., Inc.*, 207 U.S.P.Q. 701, 701 (T.T.A.B. 1980), (HOLLYWOOD HEALTH FOODS legal equivalent of HOLLYWOOD); *Belstone Cap., LLC v. Bellstone Partners, LLC,* No. 2:16 Civ. 01124, 2017 WL 1153111, at *7–9 (E.D. Cal. Mar. 28, 2017) (use of the phrase "Bellstone Partners, LLC" constituted use of "Bellstone"). This is true even when the combined phrase is itself a trademark. *See, e.g. Bertini*, 2024 WL 1231233, at *12 (finding use of APPLE MUSIC to constitute use of APPLE, where APPLE MUSIC was a registered mark); *Nat'l Bakers Servs.*, 207 U.S.P.Q. (BNA) at 701 (prior registered mark HOLLYWOOD HEALTH FOODS legal equivalent of applied-for HOLLYWOOD mark). In fact, as shown above and discussed more below, the USPTO accepted a specimen showing use of the phrase APPLE MUSIC[5] as evidence

---

[5] As the USPTO acknowledged with regards to the APPLE MUSIC mark, APPLE is the more distinctive wording, followed by the descriptive term MUSIC. MUSIC is accordingly disclaimed in U.S. Registration No. 5330141 for the mark APPLE MUSIC.

that Apple uses the APPLE mark for entertainment services. Accordingly, Bertini's argument should be rejected.

**Second,** Bertini fails completely to allege nonuse of the APPLE mark in connection with educational services. *See, e.g.*, Compl. ¶¶36, 40, 64, 65, 77 ("Prior to and on the date of the Statement of Use ('SOU') for application of APPLE mark and during a period of at least three years and six months after the date of the SOU the Mark was not used in commerce on or in connection with ***entertainment services*** listed in the Registration Certificate." (emphasis added)). Nonetheless, Bertini seeks cancellation of the ***entire*** registration. This is not proper. Because Bertini has failed to allege any facts concerning purported nonuse in connection with educational services, his claim for complete abandonment is inappropriate and should be dismissed. *See DC Labs Inc.*, 2013 WL 4026366, at *2 (plaintiff failed to state a claim where it alleged non-use of some of the goods in the registrations, but not all). Alternatively, his first cause of action for abandonment should be dismissed as it relates to educational services.

### C.    Bertini's Fraud on the USPTO Claims Fail Because They Are Conclusory

Bertini's latest attempt at a fraud claim must also be dismissed. To succeed on his fraud claim, Bertini must demonstrate: (1) a false representation of material fact; (2) knowledge or belief that the representation is false; (3) intent to induce reliance upon the misrepresentation; (4) the PTO's reliance on the misrepresentation; and (5) damages proximately caused by that reliance. *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc*., 897 F.3d 1008, 1019 (9th Cir. 2018). Under Rule 9(b)'s heightened pleading standard, "a mere conclusory allegation that trademark registration rights were obtained or maintained by fraud is not sufficient." 4 *McCarthy on Trademarks and Unfair Competition* § 31:84 (5th ed.); *accord Bellstone*, 2017 WL 1153111, at *7–9 (dismissing "specious at best" fraud claims that relied on accurate specimens submitted to USPTO). The party asserting fraud on the USPTO bears a "heavy" burden. *In re Bose Corp*., 580 F.3d 1240, 1243 (Fed. Cir. 2009). Indeed, "the very nature of the charge of fraud requires that it be proven 'to the hilt' with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." *Id*.

The USPTO twice dismissed Bertini's fraud on the USPTO claims for relying on conclusory statements insufficient to meet his "heavy burden." The same result is appropriate here.

1

### 1.  Bertini's Claim for Fraud in the Procurement (Claim Two) Fails Because It Is Conclusory and Nonspecific

2

3        Bertini's second cause of action alleges that Apple fraudulently procured the APPLE Registration

4    by stating in the SOU Declaration that it used the APPLE mark in connection with all of the services in

5    the APPLE Registration, when Bertini believes Apple was not using the mark in connection with

6    "entertainment services." Compl. ¶¶93–106. This conclusory and inaccurate claim should be dismissed.

7        Bertini states that Apple and Mr. La Perle "had knowledge about the fact that the [APPLE mark]

8    is not used in commerce for all services" and "intended to induce reliance upon misrepresentations

9    regarding use of the" APPLE mark. Compl. ¶¶99–100. His Complaint, however, does not include any

10   *facts* from which someone could draw this conclusion. Rather, Bertini merely references Apple's use of

11   the ITUNES mark, its WWDC events, and its terms of use. None of this proves that Apple did not use the

12   APPLE mark for entertainment services, let alone that it *knowingly and intentionally* misrepresented facts

13   to the USPTO, which is required to establish fraud.

14       Bertini also alleges that his representative could not find online evidence that Apple used the

15   APPLE mark in connection with the services in the APPLE Registration at the time Apple submitted the

16   SOU Declaration. *Id*. at ¶104. But his representative's alleged inability to find online evidence in 2024 in

17   no way establishes that such use did not not exist in 2011 or that Apple knowingly and intentionally made

18   a false statement to the USPTO. *See OTR Wheel, Inc*., 897 F.3d at 1019.

19       Finally, Bertini alleges that "Apple didn't produce evidence showing use of standard character

20   mark APPLE for sales or advertising of services listed in the" APPLE Registration during the "Opposition

21   trial."[6] Compl. ¶105. As an initial matter, this statement is entirely false. The TTAB decision makes that

22   clear, with the Board stating, "we note that Respondent has introduced evidence of use of its APPLE mark

23   alone in connection with its recited services." *Bertini v. Apple*, 2024 WL 1231233, at *12 n.14. In fact,

24   Apple submitted "substantial" evidence to the TTAB, including webpages and promotional materials

25   showing use of the APPLE mark for entertainment services. *Bertini*, 2024 WL 1231233, at *5–7. It

26

27   [6] The parties previously litigated an Opposition proceeding before the TTAB. (Opposition No. 91229891), which involved the APPLE MUSIC mark. Apple assumes that Bertini meant to reference the Cancellation Proceeding (Cancellation No. 92068213), which involves the APPLE Registration, and from which Bertini has appealed the Board's decision against him by initiating this litigation.

28

includes more than 3,650 pages of evidence showing use of the APPLE mark alone and also with a generic/descriptive term, as in APPLE BOOKS, APPLE TV, APPLE MUSIC, APPLE NEWS, and APPLE PODCASTS. *See id*. Moreover, allegations about discovery in the TTAB proceeding do nothing to support Bertini's fraud claim, as the TTAB dismissed his fraud claims before that matter even entered discovery.

Accordingly, Bertini's fraud allegations related to the SOU Declaration should be dismissed. Bald assertions that do nothing more than repeat the elements of a fraud claim, without any factual support, are not enough to state a claim for fraud on the USPTO. 4 McCarthy § 31:84 ("conclusory allegations" insufficient to establish fraud); *see also Fayer*, 649 F.3d at 1064 (courts need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations").

In addition to being conclusory, the fraud claim related to the SOU Declaration should also be dismissed because it lacks specificity. Although Bertini states that Apple did not use the APPLE mark in connection with "entertainment services," Compl. ¶103, he does not specify which "entertainment services" or even what services in the APPLE Registration are "entertainment services." Apple provided a classification above for ease of reference by the Court, but it is in fact merely guessing as to what Bertini thinks the "entertainment services" are. Bertini's claim thus should also be dismissed for failing to satisfy the "particularity" requirement for alleging fraud. Fed. R. Civ. P. 9(b).

### 2. Bertini's Claim for Fraud in the Maintenance (Claim Three) Fails Because It Is Conclusory and Belied by Both Allegations in the Complaint and the Specimen of Use Apple Submitted to the USPTO

Bertini's third cause of action alleges that Apple committed fraud on the USPTO in the Kitterman Declaration by stating that Apple used its mark "in commerce on or in connection with the goods and/or services identified in the registration" when Bertini again believes Apple was not using the mark for "entertainment services." Compl. ¶¶107–120. For the reasons discussed below, this claim also should be dismissed.

**First**, Bertini again fails to allege **facts** supporting a fraud on the USPTO claim, as Rule 9(b) requires. Rather, Bertini supports his claim with mere conclusory statements, namely, that: (1) "Ms. Kitterman and Apple had knowledge about the fact that the Mark is not used in commerce for all services as stated in Response to Office Action and so representation about use was false"; (2) "Ms. Kitterman and

Apple had intended to induce reliance upon the misrepresentation regarding use of the Mark so that Apple could renew registration of the Mark"; and (3) "This statement was made with the intent to renew the registration to which Apple was otherwise not entitled." Compl. ¶¶115–117. As discussed, *supra*, such conclusory allegations unsupported by facts are insufficient to allege fraud on the USPTO. *See* 4 McCarthy § 31:84.

**Second,** Bertini's fraud claim suffers from the fatal flaw that his own Complaint and the specimen filed with the Kitterman Declaration prove: there was no false statement. As an initial matter, the Complaint itself states that Apple announced the music entertainment service Apple Music *in 2015,* years before Apple submitted the Kitterman Declaration. Compl. ¶83. Therefore, even by Bertini's own allegations, Apple used the APPLE mark in connection with entertainment services by the time Apple filed the Kitterman Declaration.

In addition, Kitterman submitted a specimen with her declaration showing Apple's use of the APPLE mark for **entertainment-related services.** As depicted above (at 5), this specimen showed the APPLE mark on the marquee for an upcoming musical performance by the artist P!nk that stated, "APPLE MUSIC PRESENTS P!NK BEAUTIFUL TRAUMA." Ex. D. Apple thus could not have committed fraud on the USPTO in the Kitterman Declaration because it disclosed the nature of its use in connection with entertainment services, thereby allowing the USPTO to draw its own conclusions as to whether Apple used its mark for such services.

Several cases support this conclusion. In *Zero Motorcycles, Inc. v. Pirelli Tyre S.p.A.*, for example, the Northern District of California considered whether the defendant falsely stated that its trademark ZERO was in use when the specimen submitted to the USPTO showed the phrase "P ZERO" rather than "ZERO." 802 F. Supp. 2d 1078, 1088 (N.D. Cal. 2011), *rev'd and remanded on other grounds,* 517 F. App'x 589 (9th Cir. 2013). The court held that Defendants' submission of "the allegedly false statement *with the exemplar* undermines any assertion of a willful intent to deceive the PTO, since the PTO obviously could assess the accuracy of Defendants' representation by comparing it to the exemplar." *Id.*

Similarly, in *Belstone Capital, LLC v. Bellstone Partners, LLC*, the plaintiff alleged that the defendant committed fraud on the USPTO because it used the BELLSTONE mark in the phrase "Bellstone Partners, LLC" and not as a standalone term. 2017 WL 1153111, at *7–9. The Eastern District of

California disagreed, dismissing the fraud on the USPTO claim on a motion to dismiss because the specimen of use showed the mark exactly as it was used in commerce, and the USPTO accepted such evidence. *Id*. As the court explained, "although plaintiff may disagree with the USPTO's decision to register the word mark 'Bellstone' based on a specimen that reads 'Bellstone Partners, LLC,' that disagreement does not make out a claim of fraud." *Id*.

So too here. Apple submitted an exemplar of use from which the USPTO could assess the accuracy of Kitterman's representations regarding Apple's use of the APPLE mark in connection with entertainment services. Such disclosures regarding the nature of Apple's use proves that Apple did not act with a willful intent to deceive the USPTO. *See Zero Motorcycles*, 802 F. Supp. 2d at 1088; *Bellstone*, 2017 WL 1153111, at *7–9; *Paris Glove of Canada, Ltd. v. SBC/Sporto Corp.*, 84 U.S.P.Q.2d 1856, 863 (T.T.A.B. 2007) (where the USPTO "reviewed the submissions and accepted the declaration" and "nothing was concealed or withheld" from the USPTO, "Petitioner has not shown that there are any issues of material fact in dispute with respect to respondent's intent and as to whether respondent's activities constituted use of the registered mark. Because the statements made by respondent in its combined declaration were truthful, *i.e.*, that it was using the mark as shown in the specimen submitted with the declaration, respondent's intent in making the statements is not material."); *OTR Wheel,* 897 F.3d at 1020 (recognizing the significance of voluntary disclosure of allegedly concealed information during application process).

**Finally,** this fraud claim also fails Rule 9(b)'s particularity requirement. It merely states that Apple's mark was not used in connection with "entertainment services," without stating which entertainment services or what services in the APPLE Registration are "entertainment services." Compl. ¶87.

### 3.    Bertini's Other Fraud in the Maintenance Claim (Claim Four) Fails Because It Is Conclusory and Belied by the Complaint and Specimen of Use

Bertini's Fourth Claim alleges that Apple committed fraud on the USPTO in the 2018 La Perle Declaration by stating that Apple was using the APPLE mark for "entertainment services" at the time it submitted the declaration on January 17, 2018. Compl. ¶¶121–129. This claim also fails.

**First,** Bertini fails to support his claim with fact. Instead, he once again relies on mere conclusory allegations. *Id.* at ¶¶123–126. For the reasons stated above, such bald assertions are insufficient; they simply restate the legal standard without providing the facts necessary to prove fraud on the USPTO.

**Second,** the Complaint also contradicts Bertini's baseless assertions, as Bertini himself admits that Apple announced the Apple Music entertainment service in 2015, long before Apple submitted the 2018 La Perle Declaration. *Id.* at ¶83.

To the extent Bertini argues that Apple nonetheless acted fraudulently because use of "Apple Music" does not constitute use of the APPLE mark, his argument should be rejected. As just discussed, the USPTO accepted Apple's specimen showing use of the phrase "Apple Music" as proof that Apple uses the APPLE Mark for entertainment services. *See Zero Motorcycles*, 802 F. Supp. 2d at 1088; *Bellstone*, 2017 WL 1153111, at *7–9. Moreover, uses of a trademark with a generic or descriptive word still constitutes use of the mark. *See supra* Section IV.B.

**Finally,** this claim also fails Rule 9(b)'s particularity requirement because it does not state what Bertini means by "entertainment services." Compl. ¶87.

### D.    Bertini's Fifth Claim (Liability for Damages Due to Fraud) Should Be Dismissed for Failure to State a Claim

Finally, Bertini's fifth claim seeks damages from his fraud on the USPTO claims. Because Bertini has failed to state a claim for fraud on the USPTO in the first instance, his claim for damages resulting from the purported fraud must also be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court dismiss Bertini's Complaint in its entirety with prejudice.

1    DATED:  October 4, 2024                          Respectfully submitted,

2

3                                                     _/s/ Dale M. Cendali_
                                                      Dale Cendali (SBN 1969070)
4                                                     dale.cendali@kirkland.com
                                                      Mary Mazzello (*pro hac vice forthcoming*)
5                                                     mary.mazzello@kirkland.com
                                                      KIRKLAND & ELLIS LLP
6                                                     601 Lexington Avenue
                                                      New York, NY 10022
7                                                     Telephone:     (212) 446-4800
                                                      Facsimile:     (212) 446-4900

8                                                     Yan-Xin Li (SBN 332329)
                                                      yanxin.li@kirkland.com
9                                                     KIRKLAND & ELLIS LLP
                                                      555 California Street, 27th Floor
10                                                    San Francisco, CA 94104
                                                      Telephone:     (415) 439-1400
11                                                    Facsimile:     (415) 439-1500

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### CERTIFICATE OF SERVICE

On October 4, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF.  All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*/s/ Dale M. Cendali*
Dale M. Cendali

MOTION TO DISMISS                                    CASE NO. 24-CV-03437-YGR