**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHARLES BERTINI**, | Case No.: 4:24-CV-03437-YGR |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| **APPLE INC.**, | Re: Dkt. No. 44 |
| Defendant. | |

Before the Court is defendant Apple Inc.'s motion to dismiss plaintiff's first amended complaint. Plaintiff brings claims against defendant for trademark abandonment and fraud on the United States Patent and Trademark Office ("USPTO"). Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the motion to dismiss with **LEAVE TO AMEND**.[1]

## I. BACKGROUND

This case is the latest in a series of disputes between plaintiff and defendant involving use of the "APPLE" trademark. Here, plaintiff argues that the Trademark Trial and Appeal Board ("TTAB") wrongly denied his request to cancel the federal registration of the APPLE service mark for educational and entertainment services (Reg. No. 4088195, the "APPLE Registration") for abandonment. Plaintiff also argues that the registration is invalid due to fraud on the USPTO. Specifically, plaintiff alleges the following:

On March 22, 2008, Apple applied to register the APPLE mark for various educational and entertainment services (the "Application"). (Dkt. No. 43, First Amended Complaint ("FAC"), at ¶ 25.) After receiving two extensions of time to file a statement of use regarding its use of the APPLE mark, defendant filed a statement verifying that the mark was in use for those services on

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

November 11, 2011. (*Id*. at ¶¶ 71, 100–102.) On January 17, 2012, the USPTO issued a Registration Certificate. (*Id.* ¶ 107.)

On June 5, 2016, plaintiff filed a trademark application to register APPLE JAZZ with the USPTO in Class 41 for a variety of entertainment services. (*Id*. at ¶ 8.) The USPTO denied registration due to likelihood of confusion with Apple's mark, Apple Reg. 4088195. (*Id.*) On March 19, 2018, plaintiff filed a Petition to Cancel the APPLE Registration before the TTAB, alleging abandonment and fraud on the USPTO based on the Apple's statement of use. (*Id.* at ¶¶ 9–10.) On April 11, 2019, after two amended complaints, the TTAB granted defendant's motion to dismiss plaintiff's fraud claims with prejudice. *Bertini v. Apple Inc*., Cancellation No. 92068213, 18 TTABVUE 3 (T.T.A.B. April 11, 2019). On March 20, 2024, the TTAB rejected plaintiff's abandonment claim, finding that he had "not presented a prima facie case of abandonment." *Bertini v. Apple Inc*., Cancellation No. 92068213, 2024 WL 1231233, at *13 (T.T.A.B. Mar. 20, 2024).

## II.     LEGAL STANDARD

A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Federal Rule of Civil Procedure 9(b) heightens these pleading requirements for all claims that "sound in fraud" or are "grounded in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation omitted); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The Ninth Circuit has interpreted Rule 9(b) to require that allegations of fraud are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (internal quotation omitted). A plaintiff must identify "'the who, what, when, where, and how' of the misconduct charged." *Kearns*, 567 F.3d at 1124 (9th Cir. 2009). "Any averments that do not meet that standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)." *Id.*

## III.    JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

Defendant requests that the Court deem several documents incorporated by reference into plaintiff's complaint. (Dkt. No. 44 at 10-11.) Defendant requests in the alternative that the Court take judicial notice of the documents. (*Id.* at 11.)

Incorporation by reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)). A defendant "may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* (quoting *Ritchie. Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The "mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Id.*

The Court deems the following documents incorporated by reference because the documents form the basis of plaintiff's claims:

- The November 11, 2011 Statement of Use. (Dkt. No. 44-2.) This document forms the basis for plaintiff's Second Cause of Action for fraud on the USPTO. (FAC ¶¶ 99–120.)

3

- The January 17, 2018 Combined Declaration of Use and Incontestability under sections 8 & 15. (Dkt. No. 44-3.) This document forms the basis for plaintiff's Fourth Cause of Action for fraud on the USPTO. (FAC ¶¶ 143–161.)
- The February 22, 2018 Post Registration Office Action. (Dkt. No. 44-4.) The FAC alleges that Apple committed fraud on the USPTO through its response to this Office Action. (FAC ¶¶ 121–142.)
- The August 21, 2018 Response to Office Action for Post-Registration Matters. (Dkt. No. 44-5.) This document forms the basis for plaintiff's Third Cause of Action for fraud on the USPTO. (FAC ¶¶ 121–142.)

The Court declines to deem defendant's remaining requested documents incorporated by reference because plaintiff does not refer extensively to the documents and the documents do not form the basis of the plaintiff's claim. The Court does, however, take judicial notice of the following documents because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[2] Fed. R. Evid. 201(b); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of docket filings in a prior case because they are "readily verifiable and, therefore, the proper subject of judicial notice").

- The docket from the underlying TTAB proceeding and from which plaintiff seeks review. (Dkt. No. 44-6.)
- The January 27, 2010 Notice of Publication. (Dkt. No. 44-7.)
- The May 11, 2010 Notice of Allowance. (Dkt. No. 44-8.)
- The December 13, 2011 Notice of Acceptance of the Statement of Use. (Dkt. No. 44-9.)
- The March 11, 2019 Notice of Acceptance of the Declaration of Use for the APPLE Registration. (Dkt. No. 44-9.)

The Court declines to incorporate by reference or take judicial notice of the following document, requested by defendant.

- Screenshot of webpage describing the Apple Education Event held in 2012. (Dkt. No. 44-10.)

This screenshot is not incorporated by reference in the operative complaint, and the Court cannot take judicial notice of it because it is subject to reasonable dispute. *See* Fed. R. Evid. 201(b). Defendant argues that it is incorporated by reference because the webpage references an event that

---

[2] Plaintiff does not dispute defendant's request that the Court take judicial notice of these documents, nor does he dispute that any documents are incorporated by reference. (*See generally* Dkt. No. 46.)

4

plaintiff includes in his first, non-operative complaint. The Court looks to plaintiff's first amended complaint, and not the original complaint, however, because an "amended pleading supersedes the original." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1989).

## IV.   DISCUSSION

### A.   ABANDONMENT (COUNT I)

Defendant moves to dismiss plaintiff's first claim for trademark abandonment, arguing that plaintiff does not sufficiently allege facts supporting non-use of the Apple trademark.

To successfully assert abandonment by nonuse, a party must show (1) nonuse of the mark and (2) intent not to resume its use. 15 U.S.C. § 1127 ("A mark shall be deemed to be 'abandoned' . . . [w]hen its use has been discontinued with intent not to resume such use."). "Nonuse for 3 consecutive years shall be prima facie evidence of abandonment." *Id.*

When a *prima facie* case of non-use is shown, there is a rebuttable presumption that the trademark owner has abandoned the mark without intent to resume use. *On–Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1087 (Fed. Cir. 2000). If a challenger successfully makes a *prima facie* case, the trademark owner must show valid reasons for non-use or a lack of intent to abandon. *Abdul–Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 411 (9th Cir. 1996). Even a "single instance of use is sufficient against a claim of abandonment of a mark if such use is made in good faith." *Carter–Wallace, Inc. v. Procter & Gamble Co.,* 434 F.2d 794, 804 (9th Cir. 1970).

Here, plaintiff does not adequately plead facts meeting his *prima facie* burden to show abandonment. The TTAB record, which is incorporated by reference in plaintiff's FAC, contains specimens of use that the TTAB accepted to show use of the marks for education and entertainment. One specimen, submitted November 11, 2011, lists "Apple Education Seminars and Events" on Apple's website. It also states: "Welcome to Apple Education Seminars & Events" and notes that Apple offers "education solutions" that include "online seminars or events." (Dkt. No. 44-2; *see also* Dkt. No. 44-5, displaying a marquee advertising a musical performance, stating "APPLE MUSIC PRESENTS P!NK BEAUTIFUL TRAUMA."). Therefore, it appears that defendant used the marks as of November 11, 2011.

5

Plaintiff alleges that "Apple had knowledge about the fact that the Mark is not used in commerce for all services as stated in the Declaration and so representation about use was false." (FAC ¶ 105.) Plaintiff also alleges that his "representative has conducted extensive online research and has been unable to locate any use in commerce of mark APPLE by Apple for services listed in the Registration Certificate prior to and on the date of the SOU and after the date of the SOU." (*Id.* ¶ 104.) Plaintiff does not, however, plead any facts addressing the specimens of use referenced in his own complaint. Specifically, plaintiff does not plead facts alleging that the marks in use on November 11, 2011, were no longer being used three years after they were used. Therefore, plaintiff's allegations are conclusory, unwarranted deductions of fact. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055; *see also In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 (9th Cir. 2023) ("When a general conclusion in a complaint contradicts specific facts retold in a document attached to the complaint, [or] incorporated by reference in the complaint . . . those specific facts are controlling.").[3]

Plaintiff responds that specimens are not relevant to demonstrating use in commerce. (Dkt. No. 8 (citing *Baseball America, Inc. v. Powerplay Sports, Ltd.,* 71 USPQ2d 1844, 1848 n.10 (TTAB 2004)). Plaintiff's authority, however, does not stand for the proposition that specimens cannot be used to demonstrate use in commerce. That court merely held that the evidence presented in specimens of use did not establish *priority*. *See Baseball America, Inc.* 71 U.S.P.Q.2d at 1848 n.10. Here, the specimens serve as specific examples, incorporated in plaintiff's complaint, that contradict plaintiff's general allegations that the marks were not used in commerce. Therefore, the Court finds that plaintiff has not adequately plead abandonment.[4]

---

[3] Plaintiff also argues that the use of the word "APPLE" in follow-on phrases like "APPLE MUSIC, APPLE TV, and APPLE NEWS" does not constitute use of the mark because those phrases are not generic. (Dkt. No. 46 at 7.) The Court need not analyze this argument because there is at least one instance of defendant using the "Apple" mark absent a follow-on phrase. (*See* Dkt. No. 44-2 at 7, stating one can "learn how Apple education solutions are enhancing teaching and learning . . . .").

[4] Plaintiff also argues with respect to the Court's analysis of the specimens that "acceptance of a specimen during the registration process does not mean that this cannot be challenged." (Dkt. No. 46 at 9.) The Court notes that it is not merely accepting the TTAB's determination that the

The Court therefore **GRANTS** defendant's motion with **LEAVE TO AMEND.** Plaintiff may amend his complaint to allege facts supporting abandonment, for example by pleading facts that plausibly show that defendant ceased use of the marks that were allegedly in use on November 11, 2011, within three years.

### B. FRAUD ON THE UNITED STATES PATENT AND TRADEMARK OFFICE (COUNTS II – IV)

At the outset, Rule 9(b)'s heightened pleading standard applies to plaintiff's fraud on the USPTO claims. *Chiron Corp. v. Abbott Lab'ys*, 156 F.R.D. 219, 220 (N.D. Cal. 1994).

> To succeed on a claim for cancellation based on fraud, a claimant must establish the following elements: 1) a false representation regarding a material fact; 2) the registrant's knowledge or belief that the representation is false; 3) the registrant's intent to induce reliance upon the misrepresentation; 4) actual, reasonable reliance on the misrepresentation; and 5) damages proximately caused by that reliance.

*OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1019 (9th Cir. 2018).

Defendant argues that plaintiff fails to satisfy his Rule 9(b) burden because he fails to plead (i) a false representation regarding a material fact, (ii) knowledge or belief that the representation is false, and (iii) willful intent to deceive.[5]

First, plaintiff alleges that the APPLE mark was not in use for any educational or entertainment services (FAC ¶ 109), but ignores the specimens of use that defendant submitted to the USPTO, stating "Welcome to Apple Education Seminars & Events" and "APPLE MUSIC PRESENTS P!NK BEAUTIFUL TRAUMA." (Dkt. No. 44-2; Dkt. No. 44-5.) Further, plaintiff claims that services listed in the application that became the APPLE Registration "were never announced by Apple under standard character mark APPLE on Apple's website . . . ." (FAC ¶ 114.) Here, too, one of the specimens of use seems to contradict plaintiff's claim. (*See* Dkt. No. 44-2 at 3, 7 (displaying a screenshot of Apple's website with text stating "Welcome to Apple Education

---

specimens demonstrate use in commerce. Rather, the Court independently finds that these specimens contradict plaintiff's allegations that defendant ceased using the marks in commerce.

[5] Plaintiff argues that he has pled the "who, what, when, where, and how," of the fraud, and breaks out each element, but answering only these questions is not sufficient. Plaintiff must address defendants arguments above.

7

Seminars and Events."). Therefore, plaintiff does not adequately plead that defendant made false statements to the USPTO, nor that defendant was aware of the falsity of any such statements.

Second, plaintiff fails to plead facts supporting the inference that defendant willfully intended to deceive the USPTO. Defendant submitted the statements to the USPTO for review in specimens of use. If anything, "the fact that" defendant "submitted the allegedly false statement with the exemplar undermines any assertion of a willful intent to deceive the USPTO." *Zero Motorcycles, Inc. v. Pirelli Tyre S.p.A*, 802 F. Supp. 2d 1078, 1088 (N.D. Cal. 2011), *rev'd and remanded on other grounds*, 517 F. App'x 589 (9th Cir. 2013).

Plaintiff responds that defendant's declarant "with his high-level position in the Legal Department and his experience in trademark law" should "know the meaning of use of a mark in commerce and the definition of a trademark/service mark." (Dkt. No. 46 at 14.) This argument does not persuade. On the contrary, plaintiff's "own pleadings demonstrate defendant[] provided the USPTO with the information plaintiff alleges defendants withheld, undermining any allegations of fraud. Although plaintiff may disagree with the USPTO's decision [] that disagreement does not make out a claim of fraud." *Belstone Cap., LLC v. Bellstone Partners, LLC*, No. 216CV01124KJMGGH, 2017 WL 1153111, *4 (E.D. Cal. Mar. 28, 2017).

Finally, as factual support for his fraud claim, plaintiff submits that if defendant's declarant "would have had evidence of use in commerce of the Mark, he would have produced it during discovery in both the Opposition and Cancellation cases or introduced it at those trials." (*Id.*) The Court is not persuaded by this argument either, because plaintiff's fraud claims did not proceed to a stage in which it was necessary for defendant to produce such evidence. (*See* Dkt. No. 44-6.) Further, The TTAB found that defendant submitted adequate evidence, stating defendant "introduced evidence of use of its APPLE mark alone in connection with its recited services." *Bertini v. Apple Inc.*, Cancellation No. 92068213, 2024 WL 1231233, at *12 n.14 (T.T.A.B. Mar. 20, 2024). It further noted that defendant had submitted "substantial" evidence to the TTAB, including webpages and promotional materials showing use of the APPLE mark for various services in the APPLE Registration. *Id.* at *5–7. Therefore, this pleading is not sufficient to establish facts for a claim.

Consequently, the Court **GRANTS** defendant's motion with **LEAVE TO AMEND.** Plaintiff may amend the complaint if he can allege facts meeting the 9(b) standard to show that defendant's claims to the USPTO were false and that defendant knew or believed the claims were false.

## V.     CONCLUSION

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the motion to dismiss with **LEAVE TO AMEND.** Plaintiff may file an amended complaint, if any, remedying the claims dismissed in this Order within twenty-one (21) days of the date of this Order. Defendant shall respond within fourteen (14) days thereafter. Plaintiff shall comply with the Court's Standing Order ¶ 13. Defendant may not assert new arguments that could have been asserted in the first instance.[6]

This terminates Docket No. 44.

**IT IS SO ORDERED**.

Date: January 16, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[6] If it wishes, however, defendant may raise new arguments addressing plaintiff's removal of unhelpful facts through his amended complaint so long as those arguments are not based on judicial notice or incorporation by reference.