UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CHARLES BERTINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE, INC.,<br><br>　　　　Defendant. | Case No. 24-cv-03437-YGR (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 75 |

### INTRODUCTION

Plaintiff Charles Bertini seeks to cancel Apple's trademark registration for the APPLE mark for educational and entertainment services. The USPTO's Trademark Trial and Appeal Board (TTAB) dismissed Bertini's fraud-on-the-USPTO claims with prejudice and ruled in Apple's favor on abandonment after trial. The trial judge here dismissed the fraud claims, leaving abandonment at issue.[1] The parties dispute two categories of discovery: documents held by Apple's attorneys relevant to abandonment (RFPs 2, 3, and 4) and proprietary consumer-purchase records (RFP 7).[2] The court can decide the dispute without oral argument. Civil L. R. 7-1(b). The court denies the

---

[1] Order – ECF No. 63 at 1–2; Order – ECF No. 69 at 1, 5–8. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 75 at 2–5.

ORDER – No. 24-cv-03437-YGR (LB)

requests under Fed. R. Civ. P. 26(b): attorney records are duplicative and disproportionate, and consumer-purchase information is disproportionate to proving use of the mark.

**ANALYSIS**

Parties may obtain discovery of any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). Federal Rule of Civil Procedure 26(b)(2)(C) requires the court to limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

**1. Attorney Documents (RFPs 2, 3, and 4)**

RFPs 2, 3, and 4 seek documents held by Apple's attorneys used in USPTO statements about use of the mark.[3] Apple produced the documents that it relied on in its statements and contends that the plaintiff seeks documents that the attorneys saved, which implicates attorney-client privilege and would require review.[4] The court denies the discovery. The RFPS are duplicative, unnecessary,

---

[3] *Id.* at 2–4.

[4] *Id.* at 3–4.

and disproportionate because they require review for privilege. Fed. R. Civ. P. 26(b). The requests are overbroad because they seek all documents in the attorneys' possession.[5] Apple's compromise to produce additional use-in-commerce documents is sufficient.[6]

**2. Consumer-Purchase Records (RFP 7)**

RFP 7 is for three sample documents per year (2011 to 2015) showing consumer purchases of Apple's services offered under the APPLE mark.[7] As Apple argues, purchase records are unnecessary because USPTO guidelines require only promotional materials (such as an advertisement, brochure, or website printout) to prove service-mark use.[8] The Ninth Circuit agrees: use in commerce can be shown by advertisements or solicitations. *Prudential Ins. Co. of Am. v. Gibraltar Fin. Corp. of Cal.*, 694 F.2d 1150, 1156 (9th Cir. 1982) (company did not abandon mark because it continued to use old stationery and commissioned advertisements using the logos); *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1072 (9th Cir. 2014), *as amended* (Mar. 11, 2014) (Wells Fargo did not abandon mark where it used it in customer presentations and solicitations). The plaintiff claims relevance under Fed. R. Evid. 401, but the records are disproportionate given Apple's agreement to produce use-in-commerce documents.[9]

## CONCLUSION

The court denies the plaintiff's discovery requests. This disposes of ECF No. 75.

**IT IS SO ORDERED.**

Dated: June 30, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[5] *Id.* (making this point and collecting cases).

[6] *Id.* at 4.

[7] *Id.* at 5.

[8] *Id.* (citing https://www.uspto.gov/trademarks/laws/specimen-refusal-and-how-overcome-refusal).

[9] *Id.*