# KIRKLAND & ELLIS LLP

Honorable District Judge Yvonne Gonzalez Rogers                    February 16, 2026
Oakland Courthouse, Courtroom 1 - 4th Floor
1301 Clay Street , Oakland, CA 94612

  Re:  *Bertini v. Apple Inc.*, Case No. 24-cv-03437-YGR – Apple's Request for Pre-Filing Conference on Feb. 25, 2026 at 2:00pm re Intended Motion for Summary Judgment

Dear Judge Gonzalez Rogers:

Pursuant to Your Honor's Standing Order in Civil Cases ¶9(a), Defendant Apple Inc. seeks leave to file a case-dispositive motion for summary judgment. Apple respectfully requests a pre-filing conference <u>on Wed., Feb. 25, 2026 at 2:00pm</u> regarding its request for leave. The proposed conference date is nearly four weeks before the March 24, 2026 dispositive motions deadline.

### Background

Apple owns U.S. trademark registration No. 4088195 ("APPLE Registration") for the APPLE mark in connection with over a dozen entertainment and educational services, including, "computer education training services;" "providing on-line publications . . . ;" "providing information, podcasts and webcasts . . . ;" and "production of live musical performances[.]" The United States Patent and Trademark Office issued the registration to Apple on January 17, 2012, after Apple submitted the required specimen of use and a Statement of Use  confirming its use of the mark with all listed services. Apple has maintained the registration ever since, submitting at least four more specimens of use to the USPTO and engaging in extensive use in commerce in a variety of media, including on its website, in press releases, and on signage and posters.

Bertini nonetheless sought to cancel the APPLE Registration before the USPTO's Trademark Trial and Appeal Board, on the bases of abandonment and fraud on the USPTO. The TTAB repeatedly dismissed the fraud claims and, after discovery, ruled in Apple's favor on abandonment. *Bertini v. Apple Inc.*, Cancellation 92068213, 2024 WL 1231233, at *13 (T.T.A.B. Mar. 20, 2024) (Bertini failed to "present[] a prima facie case"). Bertini then initiated this case, again seeking cancellation based on abandonment and fraud. 15 U.S.C. § 1071(b) (parties may file actions in district court seeking to overturn TTAB decisions). The Court dismissed the fraud claims multiple times, Dkt. 61, 69, though Bertini's seventh attempt to plead fraud is pending, Dkt. 92, 95. The abandonment claim has proceeded through discovery and is ripe for determination on summary judgment.

### There Are No Disputed Material Facts

This matter is ripe for summary judgment because there are no disputed issues of material fact. Apple and Bertini agree as to what services are in the APPLE Registration. They also produced hundreds of documents from the archival website Archive.org, Apple' websites, and other sources showing how Apple uses the word "Apple" in commerce. Excerpts of a few examples are below:


Ex. 26 at Bertin Deposition
(use with audiovisual services)


Bertini Production Ex. 240
(use with online publication services)

| | |
|---|---|
| Ex. 24 at Bertini Deposition<br>(blog and news services) | APL-BERTINI_00006556<br>(live music production services)  |
| Ex. 33 at Bertini Deposition<br>(educational training services) | Bertini Production Ex. 206<br>(information and podcast services)  |

The only question, then, is whether, as a legal matter, Bertini can prove that Apple ceased use of the APPLE mark for every service in the registration with no intent to resume use (or never used the mark for the services in the first place). Bertini cannot meet that burden.

**Bertini Cannot Prove Apple Ceased Use of the APPLE Mark for Relevant Services**
A term functions as a service mark if it is used "to identify and distinguish the services of one person . . . from the services of others and to indicate the source of the service[.]" 15 U.S.C. § 1127. A service mark is in use if it is "used or displayed in the sale or advertising of services and the services are rendered in commerce[.]" *Id*. To establish cancellation based on abandonment, Bertini must show Apple (a) ceased use in commerce of the APPLE mark for the services in the registration, and (b) had no intent to resume use. *Id*. This is a service-by-service assessment. To cancel the entire registration, as Bertini seeks to do, he must show abandonment for every service in the registration. *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12 Civ. 01454, 2013 WL 4026366, at *2 (S.D. Cal. Aug. 6, 2013).

Because there is no dispute that Apple uses the word "Apple," Bertini's case instead rests on the untenable arguments that (a) Apple uses APPLE *solely* as a trade name and not a service mark, and (b) use of APPLE with descriptive or generic terms, *e.g.*, APPLE MUSIC, APPLE TV, does not constitute use of the APPLE mark (even though the USPTO accepted multiple specimens of use showing the APPLE mark used with descriptive or generic terms to register and maintain the APPLE Registration, and the TTAB expressly stated that Apple's use of APPLE and a generic term supports Apple's use of APPLE in connection with the relevant services, *Bertini*, 2024 WL 1231233, at *12). His arguments fail as a matter of law.

***Bertini Cannot Prove Apple Uses APPLE Solely as a Trade Name.*** It is a trademark 101 principle that a term can function as a trade name in one context and a service mark in another. McCarthy §4:5 (5th ed.) ("Many designations used as trade names are at the same time also used as a. . . service mark[.]"). Words serving this dual function are registrable. *Id.* To determine if a term functions as a service mark, courts look at the "manner in which the term is used and the probable impact thereof upon . . . customers," taking into account context such as whether the use includes the full corporate name (*e.g.*, Inc.) or address, the placement and size of the term on the page, and use of a logo with the term. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 846 F. Supp. 2d 1063, 1075 (N.D. Cal. 2012) (citation omitted); *Accu Pers., Inc. v. AccuStaff, Inc.*, 823 F. Supp. 1161, 1170 (D. Del. 1993). Substantial evidence from 2011 through 2025 shows Apple frequently uses APPLE as a service mark, without the corporate term "Inc."; separate from the company address;

in a prominent position at the top of the page or in a heading; and in many instances with the Apple logo nearby. Thus, Bertini cannot prove Apple used "Apple" to "merely convey information about a corporate relationship." *SunEarth*, 846 F. Supp. 2d at 1075; *Accu*, 823 F. Supp. at 1170 (word functioned as mark when used at top of page, sometimes in bold, without company address).

Bertini also ***admitted*** during his deposition to Apple's use of the APPLE mark in commerce on numerous relevant services. He stated that he "interprets" **Ex. 26** (shown above) as Apple offering "audio and audiovisual programs via an online video-on-demand service under the Apple mark." Dep. 230:3-22. He also agreed that **Ex. 24** (shown above) appears to show "use of the Apple mark in connection with an online journal," *id*. 225:5-226:18, and that **Ex. 33** (shown above) shows Apple "offering educational training and seminars under the Apple trademark," *id*. 267:16-268:1. Further, although Bertini bears the burden, Apple has unrebutted expert testimony from marketing expert Ran Kivetz explaining that Apple's use is consistent with marketing principles concerning brand name usage and that the term functions as a source identifier. Kivetz Report ¶¶21-25.

***Bertini Cannot Prove Pairing Apple with a Descriptor Is Not Use of the APPLE Mark.*** Apple's use of APPLE in phrases like Apple Music or Apple TV also constitutes service mark use. Bertini cannot meet his burden of showing otherwise. ***First,*** the TTAB and courts routinely hold that using a distinctive mark with a generic or descriptive term constitutes use of the distinctive mark. *See, e.g.*, *Highline Cap. Mgmt., LLC v. High Line Venture Partners, L.P.*, 2015 WL 10847688, at *3 (S.D.N.Y. Oct. 1, 2015) (HIGHLINE not abandoned where used with Management and Capital); *Bertini*, 2024 WL 1231233, at *12 (collecting cases). ***Second,*** Bertini's testimony again favors Apple; he testified that in phrases like "Apple Podcasts," "Apple TV," and "Apple Music," Apple applies the "APPLE" brand name to offer podcast, TV, and music services. Dep. 100:1-7, 123:23-125:17. ***Third,*** Apple's unrebutted marketing expert explained that Apple's naming strategy is a classic technique for extending a primary or house brand—Apple—to a variety of services, and that APPLE continues to function as the brand name in each of these extensions. Kivetz Report ¶¶27-30. ***Lastly,*** Bertini's argument is at odds with standard industry practices. Google, Amazon, Disney, Sony, and many other companies extend their famous house brands to a range of services by using their house brands with descriptive or generic terms, as in Google News, Amazon Music, Disney Store, and Sony Pictures. Bertini even uses this strategy; his own trademark application for APPLE JAZZ with examples of use showing APPLE JAZZ ***with descriptors*** (*e.g.*, Apple Jazz Band, Apple Jazz Festival, and Apple Jazz Records). Yet against Apple he argues the opposite.

There are no material disputed facts, and Bertini's unsupported arguments lack merit. Apple respectfully requests the opportunity to move for summary judgment to resolve this case.

**Procedural Questions**

In the event this Court grants Apple and Bertini leave to move for summary judgment, Apple respectfully requests to discuss two procedural matters:

1. Whether Apple should file an opening brief on the dispositive motion deadline, or instead, raise its motion only in opposition to Bertini's dispositive motion, as described in this Court's standing order ¶9. If Apple should wait, it requests permission to submit a reply brief.

2. Whether this Court will extend the time for submitting Opposition briefs from 14 to 30 days and Reply briefs from 7 to 14 days. The parties agree this case can be resolved on summary judgment. Additional time ensures thorough, clear submissions to the Court.

Sincerely,

Dale M. Cendali, P.C.