**JAMES BERTINI**
*Attorney-at-Law*                                                                                           303 572-3122
423 Kalamath Street, Denver, CO 80204                              jamesbertini@yahoo.com
                                                                                            February 16, 2026

VIA ECF AND E-MAIL
Judge Yvonne Gonzales Rogers
USDC Northern District of California
1301 Clay Street, Courtroom 1 - 4th Floor
Oakland, California 94612

    Re:    REQUEST FOR PRE-FILING CONFERENCE ON FEBRUARY 25, 2026
             Bertini v. Apple, Case No. 24-cv-03437-YGR

Dear Judge Rogers:

    I am writing for Plaintiff Charles Bertini pursuant to your Standing Order and requesting a pre-filing conference on February 25, 2026 prior to filing a motion for summary judgment.

**I. Background and Nature of the Dispute**
    When Bertini began using APPLE JAZZ in June 1985, Apple was known as Apple Computer Inc., it did not provide any entertainment services in Class 41, and Plaintiff established his priority rights over all Apple marks in this class. An application to register common law mark APPLE JAZZ was refused based on a likelihood of confusion with APPLE Reg. 4088195 (the "Mark"). A Petition for Cancellation of the Mark was denied by the TTAB, but critically the Board *did not find there was actual use of the Mark.* Bertini filed a Complaint in this court on June 7, 2024. He alleges that the Mark "was not ever used to identify Apple's services listed in the Registration Certificate" ("the Services"). ¶95, Dkt. 64 SAC. Bertini seeks to cancel it for abandonment/nonuse. The sole issue in this case is whether Apple has or has not used APPLE for the Services. A decision on Bertini's Motion to Amend the SAC to allege fraud in obtaining and maintaining the Mark is pending.

**II. Legal Standards**
    According to 15 U.S.C. §1127 "Nonuse for 3 consecutive years shall be prima facie evidence of abandonment." "The term 'use in commerce' means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark." Responses to discovery requests sufficient to establish abandonment. *ShutEmDown Sports*, 102 USPQ2d at 1042-43; *Quality Candy Shoppes/Buddy Squirrel of Wisc., Inc. v. Grande Foods,* 90 USPQ2d 1389, 1393 (TTAB 2007).

**III. Documents produced by Apple and discovery responses**
    In response to production of "Documents concerning use in commerce of standard character mark APPLE in the United States for Defendant's services listed in the Registration Certificate" Apple produced over 7700 pages and Gigabytes of videos. Many documents prominently show use of unrelated marks or composite marks comprising word "Apple", e.g. Apple TV, Apple Store, etc. *In re Quantum Foods, Inc.,* 94 USPQ2d 1375, 1378 (TTAB 2010) (mark is "prominently displayed" on the specimen when it appeared by itself above picture relating to the services in large font). TMEP 904.03(i)(B)(1). Many documents show use of word "Apple" in reference to Apple Inc.
    In Apple's Responses to Interrogatories No. 1 at the TTAB, Apple stated that it used the APPLE word mark via the Internet, representative examples of which include its website at www.apple.com, iTunes services, Apple's Podcasts app and services, and Apple QuickTime services.

1

In Apple's Responses to Interrogatories No. 4 in this Court Apple states: "2011 10-K, includes information about, and reference to, the APPLE service mark…iPhone®, iPad®, Mac®, iPod®, Apple TV ®...the iOS and OS X® operating systems, iCloud®…Apple TV… iTunes".

In a declaration to the TTAB, Thomas La Perle, who manages Apple's Trademark & Copyright Group, refers to iTunes and iTunes Store, Apple TV, Apple Music, Apple Music Festival, Apple Podcasts, Apple News, Apple Store, Apple Special Event, Apple Books, Apple Worldwide Developers Conference <u>as use of mark Apple</u>. "Apple also used its Apple TV…which bear the APPLE mark". "Apple used its Apple Music …which bear the APPLE mark". Apple admitted that Exhibit 46 is printouts of the apple.com site map webpages, which show that Apple offered goods and services on its website under individual marks, e.g. Mac, iPod, iPhone, iPad, AppleTV, iOS, Apple Watch and iTunes, iTunes Store, Apple Store and iCloud. La Perle in his deposition responses stated that "I see many examples of the APPLE mark on these site maps" albeit by identifying only composite marks.

Apple's expert, marketing professor Ran Kivetz of Columbia University declares "the word 'Apple' in a more prominent manner" and quotes the text of the specimens *but alters* them by **adding bold** to word "**Apple**" in multiple locations, and **removing bold and color** from surrounding text. "Apple" is not shown prominently on these specimens. In analyzing the specimens presented to the USPTO Dr. Kivetz makes his opinion "based on fundamental branding principles…the strength of the Apple brand…Apple's 'branded house' and 'masterbrand' strategy…" and therefore the testimony is not the product of reliable principles and methods. Dr. Kivetz declares portions of composite marks comprising word "apple" e.g. Apple Music, Apple Professional Learning, etc., as generic or descriptive and concludes that specimens "provide further evidence of Apple's longstanding use of the 'Apple' name as a master-brand".

**IV. Key Undisputed Facts**

"Apple" is used on the Apple website and by Apple attorneys in reference to Apple Inc. Apple filed a few specimens with statements to the USPTO that these specimens show use of Apple mark for relevant services. A specimen submitted with SOU in 2011 shows a main headline in large font **Education Seminars & Events** above the picture. Apple produced a copy of a webpage where service from Specimen 2011 is rendered. This page shows a main headline in large font **Education Seminars & Events** above the picture. Two specimens submitted in 2018 and in 2022 both show **Apple Professional Learning** in large font at the top of the picture. The abbreviation APL was used instead of Apple Professional Learning on the apple.com website. Mr. La Perle acknowledged in his deposition responses that service was provided under mark Apple Professional Learning by stating "the Apple Professional Learning service continued in 2024". Two other produced specimens show **Apple Machine Learning Journal** (on top of page) and **APPLE MUSIC PRESENTS**.

**III.   Argument**

The specimens <u>on their face</u> show use of composite marks which are materially different from mark Apple or "Apple" is used in a reference to Apple Inc. "A specimen that shows use of a materially different mark…is unacceptable." TMEP §1604.12(a). "A term used only as a trade name is not registrable as a service mark. See *In re Signal Cos*., 228 USPQ 956 (TTAB 1986)". TMEP §1301.02(a). So, all specimens submitted to the USPTO don't show use of mark Apple in direct association with the Services. "The specimen must show a direct association between the mark and the services" identified in the application. 37 C.F.R. §2.56(b)(2**). "It is the responsibility of the applicant and the applicant's attorney to determine whether an assertion of use in commerce is supported by the relevant facts." "The examining attorney will normally accept the applicant's verified claim of use in commerce without investigation..."** TMEP 901.04. (emphasis added).The USPTO was deceived by Apple and the examiner accepted unacceptable specimens. Even if a generic or

descriptive element is used as a part of composite mark and disclaimed it doesn't remove a generic component from the mark. *Specialty Brands, Inc, v. Coffee Brands Distributors, Inc.,* 748 F.2d 669, 672 (Fed. Cir. 1984). It is well established that "We are unable to see, however, how the fact that a word has been used as an essential part of a composite trademark excuses the failure to use it alone." *In re Cont'l Distilling Corp.*, 254 F.2d 139, 141 117 USPQ 300 (C.C.P.A. 1958). "Use of a mark as an essential part of a materially different composite mark does not excuse the failure to use the mark at issue." TMEP §1604.11.

Standalone word "Apple" has been broadly used in reference to Apple Computer Inc. since at least 2001 and later in reference to Apple Inc. by the mainstream media, so the public would not perceive use of standalone word Apple in reference to any goods or services, because goods and services are listed on Apple website each under individual trademark, e.g Mac, iPhone, Apple Music, Apple Books etc.

Apple offers its goods and services on the website under individual marks, so customers view each mark in its entirety because "[i]f the elements of a composite mark are so merged together that they cannot be viewed as separable elements, the mark is considered unitary" *In re Lego Juris A/S*, 2022 USPQ2d 443, at *6 (TTAB 2022). Apple claims that use of a few composite marks (each for its own goods/services) comprising word "Apple" constitutes use of mark Apple for the Services. Bertini states that it contradicts basic principals of Lanham Act and case law. "Trademark rights arise from the use of the mark in connection with particular goods or services". *Bertini v. Apple Inc.*, 63 F.4th 1373, 1380 (Fed. Cir. 2023). Based on use of composite marks Apple denies abandonment/nonuse, but offers no evidence of use of standalone mark Apple in direct association with the Services. "In every contested abandonment case, the respondent denies an intention to abandon its mark…" "[O]ne must, however, proffer more than conclusory testimony or affidavits." "As this court has frequently said in connection with motions for summary judgment, a conclusory statement on the ultimate issue does not create a genuine issue of fact." "The registrant must put forth evidence with respect to what activities it engaged in during the nonuse period or what outside events occurred from which an intent to resume use during the nonuse period may reasonably be inferred." *Imperial Tobacco Limited v. Phillip Morris*, 899 F.2d 1575, 1581 (Fed. Cir. 1990).

Regarding material fact the U.S. Supreme Court has this to say. "[T]he requirement is that there be no genuine issue of material fact." "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 248 (1986). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 375 (2007).

**IV. Bertini is Entitled to Summary Judgment**

According to FRCP 56: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is no genuine dispute as to any material fact and Bertini respectfully requests this case to be decided as a matter of law.

Sincerely yours,
/james bertini/
JAMES BERTINI