UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES BERTINI,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No.  24-cv-03437-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 92 |

In this trademark action, plaintiff Charles Bertini moves for leave to file a third amended complaint ("TAC") to reassert several claims for fraud.  Dkt. Nos. 92, 94.  Defendant Apple Inc. ("Apple") opposes the motion.  Dkt. No. 93.  The matter is deemed suitable for determination without oral argument.  Civil L.R. 7-1(b).  Upon consideration of the moving and responding papers, the Court grants in part and denies in part Mr. Bertini's motion.[1]

## I.    BACKGROUND

This action is the latest in a long history of disputes between Mr. Bertini and Apple involving use of the APPLE trademark for educational and entertainment services.  The Court assumes familiarity with the general background facts, which are recited in Judge Gonzalez Rogers's April 14, 2025 order granting in part and denying in part Apple's Rule 12(b)(6) motion to dismiss the second amended complaint ("SAC"), the operative pleading.  *See* Dkt. No. 69. Briefly stated, in his SAC Mr. Bertini asserted claims for cancellation of the APPLE mark due to alleged abandonment, as well as several claims for fraud based on materials Apple submitted to

---

[1] This action was reassigned to this Court after all parties expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 103, 104.

the U.S. Patent & Trademark Office ("USPTO").  *See* Dkt. No. 64.

Judge Gonzalez Rogers denied Apple's motion to dismiss the abandonment claim, finding that the allegations of Mr. Bertini's SAC "provide sufficient, and plausible, multiple three-year timeframes in which it is possible that Apple did not use the mark in commerce."  Dkt. No. 69 at 6.[2]  The Court was not persuaded by Apple's arguments for dismissal of the abandonment claim, noting that those arguments turned on disputed facts and that it was "not yet proper to consider evidence and testimony" at that stage of the proceedings.  *Id*. at 6-7.

Judge Gonzalez Rogers granted Apple's motion to dismiss Mr. Bertini's fraud claims, finding that his SAC "does not plead facts that [Apple] knew that [its] representation was false or that it intended to induce reliance on the misrepresentation."  Dkt. No. 69 at 7.  The dismissal of those fraud claims was "without prejudice to possible amendment at a future date" only "if discovery on the abandonment issue reveals evidence that [Apple] knowingly made a false representation to the USPTO about the specimens at issue, and that [Apple] intended to induce reliance upon that misrepresentation."  *Id*. at 8.  "Should discovery so reveal," the Court stated that Mr. Bertini "may bring a motion to amend."  *Id*.

Claiming that "[d]iscovery on the abandonment issue has revealed evidence that [Apple] knowingly made false representations to the USPTO about the specimens at issue," Mr. Bertini now seeks leave to file his proposed TAC to reassert several claims for fraud.  *See* Dkt. Nos. 92, 94.  Apple maintains that matters cited by Mr. Bertini are not new and were not "revealed" in discovery, and do not support a finding of fraud in any event.  *See* Dkt. No. 93.

## II.    LEGAL STANDARD

Rule 15(a) provides that leave to amend "'should [be] freely give[n] . . . when justice so requires,' because the purpose of the rule is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'"  *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted).  "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would

---

[2] With respect to filed documents, all pin citations refer to the page number appearing in the ECF header.

unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In evaluating Mr. Bertini's motion for leave to amend, the Court necessarily considers whether the proposed amendment states a claim for relief. For claims sounding in fraud, courts apply Rule 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *La Terra Fina USA, LLC v. Reser's Fine Foods, Inc.*, No. 3:23-cv-02631-JSC, 2024 WL 1973468, at *1 (N.D. Cal. May 3, 2024) ("Because this claim [for fraud in procurement of a trademark] sounds in fraud, Federal Rule of Civil Procedure 9(b) applies."); *see also AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 951 n.3 (N.D. Cal. 2015) (same).

## III.    DISCUSSION

### A.    Mr. Bertini's Request for Judicial Notice

Mr. Bertini asks the Court to take judicial notice of 27 documents. *See* Dkt. No. 92 at 10-13. Federal Rule of Evidence 201 permits the Court, on its own or on a party's request, to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Accordingly, a court may take judicial notice of matters of public record. *Khoja*, 899 F.3d at 999. "But a court cannot take judicial notice of disputed facts contained in such public records." *Id*. Although Apple disputes that any of these documents supports Mr. Bertini's proposed fraud claims, Apple does not oppose Mr. Bertini's request for judicial notice.

The Court takes judicial notice of the following documents because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court also takes judicial notice of "publicly available webpages" listed below as "proper subjects of judicial notice." *See Rossi v. Alibaba.com U.S., LLC*, No. 25-cv-07927-BLF, at *2 (N.D. Cal. Mar. 24, 2026).

United States District Court
Northern District of California

- Trademark application, Serial No. 77428980  (Dkt. No. 91-2 at 1-7, Bertini Decl., Ex. 1)

- February 13, 2008 First 30 Day Request for Extension of Time to Oppose (Dkt. No. 92-2 at 9, Bertini Decl., Ex. 2)

- July 14, 2008 Notice of Opposition (Dkt. No. 92-2 at 11-16, Bertini Decl., Ex. 3)

- November 11, 2011 Statement of Use and Extension Request (Dkt. No. 92-2 at 18-28, Bertini Decl., Exs. 4A, 4B)

- Printout of a webpage https://web.archive.org/web/20111007234801/https://edseminars.apple.com/seminars/ (Dkt. No. 92-2 at 30-32, Bertini Decl., Ex. 5).  The proposed TAC appears to contain a similar exhibit, omitting certain portions of the web page Dkt. No. 92-7 (Ex. 6).

- A portion of the Declaration of Thomas R. La Perle bearing the caption for *Apple Inc. v. Amazon.com*, No, 11-cv-01327-PJH (N.D. Cal.) (Dkt. No. 92-2 at 34-35, Bertini Decl., Ex. 6A)

- A portion of the Declaration of Thomas R. La Perle, bearing the caption for *Microsoft Corporation v. Apple Inc*., TTAB Opposition No. 91195582 (Dkt. No. 92-2 at 36-45, Bertini Decl., Ex. 6B)

- Printout of web page http://web.archive.org/web/20111111005016/http://www.apple.com/sitemap/ (Dkt. No. 92-2 at 47-49, Bertini Decl., Ex. 7)

- Form 10-K for fiscal year ended September 29, 2012 (Dkt. No. 92-2 at 51-56, Bertini Decl., Ex. 8)

- January 17, 2018 Combined Declaration of Use and Incontestability (Dkt. No. 92-2 at 58-66, Bertini Decl., Ex. 9)

- Form 10-K for fiscal year ended September 29, 2018 (Dkt. No. 92-3 at 10-13, Bertini Decl., Ex. 14);

- January 14, 2022 Combined Declaration of Use and/or Excusable Nonuse/Application for Renewal of Registration of a Mark (Dkt. No. 92-3 at 17-25, Bertini Decl., Ex. 16).  The proposed TAC appears to contain a similar exhibit, omitting some portions (Dkt. No. 92-7, Ex. 16).

- August 21, 2018 Response to Office Action (Dkt. No. 92-3 at 39-43 (Bertini Decl., Ex. 19)

- Printout of screenshot showing Apple Store items (Dkt. No. 92-4 at 19, Bertini Decl., Ex. 27A)

4

- 2025 printout of web page https://www.uspto.gov/trademarks/ laws/mandatory-electronic-filing (Dkt. No. 93-7, Mazzello Decl., Ex. 6)

- Post Publication Amendment of Application and Conditional Stipulation of Dismissal without Prejudice dated August 19, 2008 and filed on September 5, 2008 in connection with TTAB Opposition Proceeding No. 91185195 (Dkt. No. 93-12, Mazzello Decl., Ex. 11 at 2).

**B.    Proposed Fraud Claims**

Mr. Bertini seeks leave to assert several claims for cancellation of the APPLE mark due to alleged fraud on the USPTO in the procurement and maintenance of the mark (proposed Claims 2 through 4).  The proposed TAC also seeks damages (proposed Claim 5).  *See* Dkt. No. 92-6 ¶¶ 99-192.

A trademark is fraudulently obtained "only if the applicant or registrant knowingly makes a false, material representation with the intent to deceive the [US]PTO." *In re Bose*, 580 F.3d 1240, 1245 (Fed. Cir. 2009).  To allege a claim for cancellation based on fraud, a party must plead the following elements:  "1) a false representation regarding a material fact; 2) the registrant's knowledge or belief that the representation is false; 3) the registrant's intent to induce reliance upon the misrepresentation; 4) actual, reasonable reliance on the misrepresentation; and 5) damages proximately caused by that reliance." *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1019 (9th Cir. 2018) (citing *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1097 (9th Cir. 2013)).  Such claims leave "no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." *In re Bose*, 580 F.3d at 1243.  A party seeking cancellation of a mark due to fraud must establish its fraud claim by clear and convincing evidence. *Id.*; *see also OTR Wheel Eng'g*, 897 F.3d at 1020.  "[B]ecause direct evidence of deceptive intent is rarely available, such intent can be inferred from indirect and circumstantial evidence." *In re Bose*, 580 F.3d at 1245.  "But such evidence must still be clear and convincing, and inferences drawn from lesser evidence cannot satisfy the deceptive intent requirement." *Id*.

At the outset, Apple argues that as a general matter, Mr. Bertini's motion for leave to

amend should be denied to the extent it relies on materials that are not "new" and that he himself produced in discovery. *See* Dkt. No. 93 at 5. While much of the material on which Mr. Bertini relies appears to have been available to him at the outset of the litigation and is not evidence developed during discovery on the abandonment issue, the Court declines to deny Mr. Bertini's motion on that basis. The Court does not read the April 14, 2025 order as precluding an otherwise proper motion for leave to amend solely because the amendment relies on materials that pre-date this litigation or that were produced by Mr. Bertini (rather than by Apple) in discovery.

### 1.    Proposed Claim 2 (Fraud in Procurement)

Mr. Bertini's proposed TAC alleges that Apple made false statements in connection with its 2008 application to register the APPLE mark. At issue are a March 22, 2008 declaration, as well as a November 11, 2011 statement of use and request for extension, submitted to the USPTO by Thomas La Perle, Apple's Senior Intellectual Property Counsel. *See* Dkt. No. 92-6 ¶¶ 99-124.

#### a.    Third-Party Marks

The proposed TAC alleges that Apple committed fraud on the USPTO when applying to register the APPLE mark by concealing Apple's knowledge of a third party's use of the mark APPLEJAXX for entertainment services. Specifically, Mr. Bertini points out that in a March 22, 2008 declaration submitted with Apple's application, Mr. La Perle stated under oath that "to the best of his[] knowledge and belief no other person . . . has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion[.]" Dkt. No. 92-6 ¶ 100; *see also* Dkt. No. 92-2 at 6 (Bertini Decl., Ex. 1). Mr. Bertini claims that this statement is false because Apple was at that time aware of a third party's application for registration of the mark APPLEJAXX, for which Apple sought an extension of time in February 2008 to file an opposition. Dkt. No. 92-6 ¶¶ 101-103; *see also* Dkt. No. 92-2 at 9 (Bertini Decl., Ex. 2). Additionally, Mr. Bertini alleges that in its opposition to the APPLEJAXX registration, Apple stated that the use of APPLEJAXX is "likely to cause confusion" with Apple's marks. *See id.* ¶ 101; *see also* Dkt. No. 92-2 at 13 (Bertini Decl., Ex. 3). The proposed TAC claims that Apple therefore "knew that some other person was using [the] term 'apple' and has rights to use it

in 'near resemblance . . . to cause confusion.'"  Dkt. No. 92-6 ¶ 101.

Mr. Bertini's proposed TAC does not sufficiently allege falsity, knowledge, or intent necessary to state a plausible claim for fraud based on the APPLEJAXX mark.  Mere knowledge of the existence of the APPLEJAXX mark is not sufficient to establish fraud.  *See Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 755 (9th Cir. 2006) ("The statement of an applicant that no other person 'to the best of his knowledge' has the right to use the mark does not require the applicant to disclose those persons whom he may have heard are using the mark if he feels that the rights of such others are not superior to his.") (quotation modified; citation omitted).  Rather, courts have held that "an applicant must only disclose 'conflicting rights' of another user 'which are *clearly established*, for example, by a court decree, by the terms of a settlement agreement, or by a registration.'"  *AirWair Int'l*, 84 F. Supp. 3d at 952 (quoting *Ross & Mastracco, Inc. v. Giant Food, Inc.*, 720 F.2d 1263, 1266 (Fed. Cir. 1983)).  The proposed TAC's allegation that "another person used [Apple's mark] in a similar form with clear priority rights" (Dkt. No. 92-6 ¶ 102) is conclusory.  Mr. Bertini does not allege facts from which it reasonably may be inferred that the third-party applicant for APPLEJAXX had rights superior to those of Apple or that Apple believed that the applicant had such rights.  Indeed, documents submitted by Mr. Bertini for judicial notice indicate that Apple opposed the APPLEJAXX registration on the ground that the third party did *not* have the right to use that mark.  *See* Dkt. No. 92-2 (Bertini Decl., Ex. 3).  While the proposed TAC alleges that "Apple could not stop the registration of the APPLEJAXX mark for entertainment services and it was registered on October 21, 2008" (Dkt. No. 92-6 ¶ 116), Apple submits evidence showing the stipulated disposition of the APPLEJAXX opposition.  Dkt. No. 93-12 (Mazzello Decl., Ex. 11 at 2); *see also* https://tmsearch.uspto.gov/search/search-results/77239699 (last visited July 7, 2026).  That disposition reflects that the third party in question amended his application for registration of APPLEJAXX to narrow the relevant services to "live performances by the musician Ernest Owens" and "performing live musical concerts featuring Ernest Owens," such that Apple argues his use and registration would not be likely to cause confusion with the APPLE mark.  *Id.*

Even assuming, without deciding, that the proposed TAC alleged a material false

7

statement, the TAC's allegations regarding intent (*see* Dkt. No. 92-6 ¶ 103) are conclusory and speculative. *See, e.g.,* Dkt. No. 92-6 ¶ 103 ("Apple didn't use the [APPLE] Mark for entertainment service but it wanted to prevent registration of other marks comprising [the] word 'apple' in this field. The filed Opposition of APPLEJAXX and the false statement in the Declaration show intent to deceive the USPTO in order to avoid denial of Apple's Application and later to obtain registration for mark 'Apple.'"). Equally speculative is Mr. Bertini's bare allegation regarding the subsequent registration for another third-party mark, APPLE JAM, apparently cited as "indirect and circumstantial evidence" of Mr. La Perle's "motivat[ion] to register the single word mark Apple for entertainment services to prevent additional registrations of marks comprising the word 'apple' in this field." *See id*. ¶ 116. Such allegations fall far short of plausibly asserting "sufficient culpability to require a finding of intent to deceive." *In re Bose*, 580 F.3d at 1245 (citation omitted); *see id*. at 1243 (noting that "absent the requisite intent to mislead the PTO, even a material misrepresentation would not qualify as fraud under the Lanham Act warranting cancellation.").

> **b.    November 11, 2011 Statement of Use and Request for Extension**

Mr. Bertini's proposed TAC appears to claim fraud on the USPTO based on an alleged discrepancy in statements Mr. La Perle made in a November 11, 2011 statement of use and a November 11, 2011 request for extension of time to file a statement of use. The proposed TAC alleges that the "two documents contradict each other" in that the statement of use says that Apple "is using the [APPLE] mark in commerce" as evidenced by an attached specimen, while the extension request states that Apple "has a continued bona fide intention to use . . . the mark in commerce." *See* Dkt. No. 92-6 ¶¶ 117, 118; *see also* Dkt. Nos. 92-2 at 22, 26 (Bertini Decl. Exs. 4A, 4B). In particular, pointing out that the extension request sought additional time to file a new statement of use if "the USPTO finds the [statement of use] to be fatally defective," Mr. Bertini alleges that Apple knew the submitted specimen was deficient to show the claimed use of the APPLE mark, and that Apple intended to "deceive the examiner into acceptance of an otherwise unacceptable specimen[.]" *See* Dkt. No. 92-6 ¶ 118. These allegations are insufficient to support a plausible claim for fraud on the USPTO, as Mr. Bertini's allegations establish that the November

United States District Court
Northern District of California

11, 2011 statement of use and November 11, 2011 extension request were disclosed to the USPTO and nothing was withheld or concealed. Indeed, there are no facts alleged suggesting that the examiner was misled or prevented from evaluating what the specimen showed regarding use of the mark or the alleged inconsistency between the statements in the two documents. *See Belstone Cap., LLC v. Bellstone Partners, LLC*, No. 2:16-cv-01124-KJM-GGH, 2017 WL 1153111, at *4-*5 (E.D. Cal. Mar. 28, 2017) (finding that allegations of fraud were "undermin[ed]" by "plaintiff's own pleadings demonstrat[ing] [that] defendants provided the USPTO with the information plaintiff alleges defendants withheld"); *Paris Glove of Canada, Ltd. v. SBC/Sporto Corp.*, 84 U.S.P.Q.2d 1856, 1863, 2007 WL 2422997, at *8 (T.T.A.B. 2007) (finding no genuine issue regarding fraud where "nothing was concealed or withheld from the [USPTO] and petitioner showed no "issues of material fact in dispute with respect to respondent's intent"), *abrogated on other grounds as stated in Safer, Inc. v. OMS Invs., Inc.*, 94 U.S.P.Q.2d 1031 (T.T.A.B. 2010). Moreover, an intent to deceive cannot reasonably be inferred from the mere fact that an applicant submitted a statement of use together with a request for an extension of time to submit an additional specimen, if the USPTO finds the first specimen insufficient. *See* 37 C.F.R. § 2.89(e) (contemplating extension request filed in conjunction with or after a statement of use).

### c.    Alleged Withheld URLs

Mr. Bertini's proposed TAC alleges that intent to deceive may be inferred from Apple's presentation of a web page as a specimen without a URL, when other evidence shows that for another mark, Apple presented a specimen (i.e., a screenshot) with a URL. *See* Dkt. No. 92-6 ¶ 121; *see also* Dkt. No. 92-4 (Bertini Decl., Ex. 27A); Dkt. No. 94 at 6. Mr. Bertini further alleges that Apple withheld the URL from the specimen submitted with the November 11, 2011 statement of use "to prevent the examiner from navigating to pages where service was rendered to see that service was provided under [the] mark **Education Seminars & Events**." Dkt. No. 92-6 ¶ 121. The Court agrees with Apple that Mr. Bertini fails to plausibly allege an intent to deceive on this basis. As Mr. Bertini acknowledges, the USPTO did not require that a website specimen include a URL. *See* Dkt. No. 94 at 6; Dkt. No. 93-1 (Mazzello Decl., Ex. 6). Moreover, the briefing reflects that, based on information Apple submitted to the USPTO, Mr. Bertini himself

9

United States District Court
Northern District of California

was able to locate a web page with precisely the information Apple supposedly sought to hide from the examiner. *See id*. ¶¶ 106-108, 121; *see also* Dkt. No. 92-2 at 30-32 (Bertini Decl., Ex. 5).

### d.    Apple's Form 10-K

Citing to an Apple Form 10-K filing with the U.S. Securities and Exchange Commission ("SEC"), Mr. Bertini's proposed TAC alleges that "Mr. La Perle and Apple had knowledge that no service under [the] mark [APPLE] was offered by Apple on the date of the [November 11, 2011 statement of use]." Dkt. No. 92-6 ¶ 113. Mr. Bertini alleges that Apple's Form 10-K filing for the fiscal year ended September 29, 2012 shows many trademarks but not service mark [APPLE]." *Id*.; *see also* Dkt. No. 92-2 at 51-56 (Bertini Decl., Ex. 8). He argues that "the fact that the single word 'Apple' is not shown as a trademark . . . is relevant to show intent to deceive the USPTO." Dkt. No. 92 at 11. There are no facts alleged regarding how or why Apple's Form 10-K, filed to comply with the *SEC*'s disclosure requirements, has any bearing on Apple's disclosures to the USPTO for purposes of trademark registration. Mr. Bertini's motion papers do not offer further explanation or clarification in support of his allegation, but merely repeat the conclusory allegations of the proposed TAC. *See* Dkt. No. 92 at 16-17; Dkt. No. 94 at 5, 7.

### e.    Apple's Site Map

Mr. Bertini's proposed TAC alleges that the mark "APPLE is not listed among other marks on the site map of apple.com website on November 11, 2011." Dkt. No. 92-6 ¶ 113; *see also* Dkt. No. 92-2 at 47-49 (Bertini Decl., Ex. 7). He argues that this is "relevant to show that [Apple] did not list the mark with its other important marks, which helps show intent to deceive the USPTO." Dkt. No. 92 at 11. Mr. Bertini does not allege facts from which it reasonably may be inferred that Apple's site map, showing a directory of the contents of its website, indicates that Mr. La Perle's submissions to the USPTO were false, much less that Mr. La Perle had knowledge or intent to deceive the USPTO.

### f.    Attorney's Experience

Mr. Bertini's proposed TAC asserts various allegations that Mr. La Perle is an experienced attorney who is highly knowledgeable about trademark law and rules. *See, e.g.,* Dkt. No. 92-6 ¶¶ 111, 112. As Apple points out, in dismissing Mr. Bertini's prior fraud claims, Judge Gonzalez

United States District Court
Northern District of California

Rogers stated that "[t]he experience level of counsel does not show one way or another whether the counsel in question intended to deceive or had knowledge of falsity." Dkt. No. 69 at 8. In the context of the allegations for Mr. Bertini's proposed Claim 2, the Court agrees. Accordingly, except as discussed below regarding proposed Claim 3, Mr. Bertini's argument that the proposed TAC now alleges counsel's experience in "great detail," including by reference to declarations Mr. La Perle filed in other unrelated legal proceedings in this District and before the USPTO, is of no particular import with respect to Mr. Bertini's proposed fraud claims. *See* Dkt. No. 92-6 ¶ 111; Dkt. No. 94 at 11; *see also* Dkt. No. 92-2 at 33-45 (Bertini Decl., Exs. 6A, 6B).

Equally unpersuasive is the proposed TAC's allegation that Mr. La Perle's declarations and exhibits filed in those other unrelated proceedings demonstrate that the APPLE mark was used to refer to Apple Inc. *See* Dkt. No. 92-6 ¶ 111. Mr. Bertini does not dispute the general proposition that "[a] designation may function as both a trade name and a trademark or service mark." *See* Trademark Manual of Examining Procedure § 1202.01 (citing *Walker Process Equip.*, *Ind.*, 233 F.2d 329, 332 (C.C.P.A. 1956)); *see also* Dkt. No. 94 at 5. Thus, the fact that Mr. La Perle may have used APPLE as a trade name in those declarations does not establish that Apple knowingly made a false, material representation with the intent to deceive the USPTO by stating that the APPLE mark functions as a service mark in other contexts.

* * *

For the reasons discussed above, Mr. Bertini's proposed Claim 2 and proffered documentation, considered as a whole, fall far short of demonstrating that he has a plausible claim for fraud in the procurement of Apple's mark. Mr. Bertini's motion for leave to amend to assert proposed Claim 2 is denied because such amendment would be futile.

### 2.    Proposed Claim 3 (Fraud in Maintenance)

Mr. Bertini's proposed TAC alleges that in 2018 and 2022, Apple submitted to the USPTO false declarations with fabricated and/or altered specimens (i.e., copies of web pages), so as to deceive the USPTO about the claimed use of the APPLE mark. *See* Dkt. No. 92-6 ¶¶ 125-166. At issue are a January 17, 2018 Combined Declaration of Use and Incontestability and specimen submitted to the USPTO by Mr. La Perle, and a January 14, 2022 Combined Declaration of Use

and/or Excusable Nonuse/Application for Renewal of Registration of a Mark and specimen submitted to the USPTO by Mr. La Perle and another Apple attorney, Karen Kitterman. *See* Dkt. No. 92-2 at 58-66 (Bertini Decl., Ex. 9); Dkt. No. 92-3 at 17-25 (Bertini Decl., Ex. 16).

a.   **"Apple Professional Learning"**

The overarching thesis of Mr. Bertini's proposed Claim 3 is that the 2018 and 2022 declarations contain false statements about the use of the APPLE mark because, according to the proposed TAC, the pertinent mark is "Apple Professional Learning," an assertedly three-word unitary mark that is distinct from the standalone APPLE mark. Mr. Bertini maintains that the APPLE mark refers only to Apple Inc. and is not used in connection with services. *See* Dkt. No. 92-6 ¶¶ 134-140, 144, 146, 154. Thus, Mr. Bertini alleges that in Mr. La Perle's January 17, 2018 declaration, "Mr. La Perle knowingly and intentionally made a false representation of a material fact to the USPTO" by stating that the submitted specimen showed use of the APPLE mark "in the advertising of the services." *See id.* ¶ 127; *see also* Dkt. No. 92-2 at 60 (Bertini Decl., Ex. 9). In the January 14, 2022 declaration, Ms. Kitterman allegedly made a similarly "false representation of a material fact to the USPTO" by stating that the specimen submitted with that declaration showed use of the APPLE mark "in the advertising of the services." *See* Dkt. No. 92-6 ¶¶ 151, 154; *see also* Dkt. No. 93-2 at 19 (Bertini Decl., Ex. 16). Mr. Bertini's proposed TAC does not state a plausible claim for fraud on this basis.

To the extent Mr. Bertini's allegations concern the adequacy of the submitted specimens to demonstrate the claimed use of Apple's mark, such allegations do not plausibly support a claim of fraud. As Judge Gonzalez Rogers observed in her April 14, 2025 order dismissing Mr. Bertini's fraud claims, "[w]hile this Court's review is de novo and acceptance by the USPTO is not dispositive, it is unlikely that a party intended to deceive the USPTO by submitting specimens for their review." Dkt. No. 69 at 8 (citing *Zero Motorcycles, Inc. v. Pirelli Tyre S.p.A*, 802 F. Supp. 2d 1078, 1088 (N.D. Cal. 2011), *rev'd and remanded on other grounds*, 517 F. App'x 589 (9th Cir. 2013)). Mr. Bertini is not aided by allegations that Mr. La Perle and Ms. Kitterman used a "deceptive arrow pointing to one word, 'Apple', in the composite mark Apple Professional Learning to induce the USPTO examiner to believe that it is [a] one word mark," APPLE. Dkt.

12

No. 92-6 ¶¶ 147, 162; *see also* Dkt. No. 92-2 at 65 (Bertini Decl., Ex. 9); Dkt. No. 92-3 at 24 (Bertini Decl., Ex. 16).  The arrows do not conceal any information from the USPTO, and there are no facts alleged suggesting that the examiner was misled or prevented from evaluating the contents of the specimens for him or herself.  *See Paris Glove*, 84 U.S.P.Q.2d at 1863, 2007 WL 2422997, at *8.

Mr. Bertini's proposed TAC alleges that in a response to Mr. Bertini's written deposition questions,[3] "Mr. La Perle acknowledged that service was provided under unitary mark Apple Professional Learning and not standalone mark Apple by stating 'the Apple Professional Learning service continued in 2024.'"  Dkt. No. 92-6 ¶ 144 (emphasis added).  Both parties invite the Court to review Mr. La Perle's deposition response to Question No. 64 which asked Mr. La Perle whether a particular exhibit (reportedly, a web page preservation) "show[s] that Apple Professional Learning program continued in 2024[.]"  *See* Dkt. No. 93 at 12; Dkt. No. 93-5 at 5 (Mazzello Decl., Ex. 4); Dkt. No. 94 at 5-6; Dkt. No. 92-4 at 32 (Bertini Decl., Ex. 30).  Mr. La Perle responded, "Yes, the webpage . . . is one of the webpages that show that the Apple Professional Learning service continued in 2024."  *See* Dkt. No. 93-5 at 5 (Mazzello Decl., Ex. 4); Dkt. No. 92-4 at 32 (Bertini Decl., Ex. 30).  Nothing in Mr. La Perle's deposition response provides a basis from which it may reasonably be inferred that Mr. La Perle "acknowledged" that the subject "service was provided under unitary mark Apple Professional Learning and not standalone mark Apple."  Dkt. No. 92-6 ¶ 144.

Accordingly, to the extent Mr. Bertini seeks leave to assert proposed Claim 3 based on "Apple Professional Learning," his motion is denied because such amendment would be futile.

### b.    Mr. La Perle's January 17, 2018 Declaration

Mr. Bertini claims that Apple fabricated the web page specimen submitted with Mr. La Perle's January 17, 2018 declaration, and that Mr. La Perle therefore falsely stated that the specimen was a "screen shot of [Apple]'s website" showing use of the APPLE mark "in the advertising of the services."  *See* Dkt. No. 92-6 ¶ 126; Dkt. No. 92-2 at 58-66 (Bertini Decl., Ex.

---

[3] Apparently, Mr. La Perle's and Ms. Kitterman's depositions were conducted on the basis of written questions, pursuant to Rule 31.  Dkt. No. 93 at 5.

United States District Court
Northern District of California

9). The proposed TAC alleges that the purported web page shown in the specimen "was not available for public view on [Apple]'s website" until May 2018, several months after the date of Mr. La Perle's declaration. Dkt. No. 92-6 ¶¶ 129, 131. According to Mr. Bertini, evidence obtained from the Internet Archive shows that the Wayback Machine saved the subject web page for the first time on May 14, 2018. *See* Dkt. No. 92-6 ¶ 131; *see also* Dkt. No. 92 at 19; Dkt. No. 94 at 8-9. Mr. Bertini points out that the specimen Apple submitted "did not include a URL and access date stamp" and "instead . . . shows 'Apple Inc.' in green color," which he maintains is "the address bar of the browser," and not a website. *See* Dkt. No. 92-6 ¶¶ 126-133, 142, 145. According to Mr. Bertini, these circumstances demonstrate that, contrary to Mr. La Perle's declaration, the specimen was not a screen shot of a web page and was not then "available for public view" on Apple's website, and thus did not show "actual 'advertising of the services.'" *See* Dkt. No. 92-6 ¶ 129. Mr. Bertini contends that Apple's intent to deceive the USPTO may be inferred from the submission of this allegedly fabricated specimen, together with other circumstances he describes as "indirect" evidence of intent. Dkt. No. 92 at 12, 23; 92-6 ¶¶ 142, 146.

Apple contends that Mr. Bertini's allegations are based on a misunderstanding of how the Safari browser and the Wayback Machine work. Apple maintains that, during the period in question, Safari displayed a green padlock and company name as an indication to users that the web page bore an Extended Validation SSL certificate verifying the website's identity and security. *See* Dkt. No. 93 at 18. Additionally, Apple says that it produced to Mr. Bertini in discovery a preservation of the website at issue dated December 22, 2017, i.e., weeks before the submission of the January 18, 2018 specimen. Apple argues that the Wayback Machine itself indicates that the Internet Archive does not include preservations of every web page from every day of the year. Thus, Apple maintains that the fact that the Wayback Machine did not happen to archive a copy of the web page at an earlier date does not indicate that the web page shown in the specimen did not exist or was not publicly available. In response, Mr. Bertini argues that Apple's litigation counsel is not competent to testify regarding the provenance of the December 2017 website preservation, and he offers additional argument and evidence he claims demonstrates that

14

the Wayback Machine saved the subject web page for the first time in May 2018 because it was not available before that date. *See* Dkt. No. 94 at 8-9; Dkt. No. 94-1.

The Court does not resolve these or any other evidentiary disputes at this time. Viewing the proposed allegations in a light most favorable to Mr. Bertini, and drawing all reasonable inferences in his favor, if Apple fabricated the 2018 specimen and/or represented to the USPTO that the specimen was a screen shot of a publicly available web page, when it was not publicly available at that time, then that is sufficient to plausibly allege a material, false representation from which intent to deceive could be inferred. Mr. Bertini's motion for leave to assert his proposed Claim 3 is granted as to this basis. Additionally, the proposed TAC's citations to counsel's knowledge and experience (*see, e.g.,* Dkt. No. 92-6 ¶¶ 141, 156) may be relevant to support a contention that any such misrepresentation could not have been "an honest misunderstanding or inadvertence." *See In re Bose*, 580 F.3d at 1246.

### c.    Mr. La Perle's and Ms. Kitterman's January 14, 2022 Declaration

According to the proposed TAC, Apple altered the 2022 specimen Apple submitted with the January 2022 declaration to "deceptively" show "the URL **apple.com** in the address bar," so as to conceal that the specimen was from a website in Canada and had no bearing on the claimed use of the APPLE mark in the United States. *See* Dkt. No. 92-6 ¶¶ 151-153, 157, 159, 161. Additionally, Mr. Bertini alleges that a formatting discrepancy (i.e., a "wide gap" appearing in a screen capture saved by the Wayback Machine, but not appearing in the 2022 specimen) also indicates that Apple altered the 2022 specimen. *See id.* ¶ 160. Mr. Bertini thus alleges that Ms. Kitterman falsely stated in the January 2022 declaration that the APPLE mark was used "in the sale or advertising of the services." *See id.* ¶ 158; *see also* Dkt. No. 92-3 at 17-25 (Bertini Decl., Ex. 16).

On this record, and viewing the proposed allegations in a light most favorable to Mr. Bertini, and drawing reasonable inferences in his favor, the Court finds that Mr. Bertini's proposed TAC plausibly states a claim for fraud based on Apple's submission, without acknowledgment or explanation, of a screenshot from a Canadian website as a specimen in connection with the 2022

15

declaration. Mr. Bertini contends that "[u]se of the mark in a foreign county has no bearing on excusable nonuse of a mark in commerce that can be regulated by the U.S. Congress." Dkt. No. 92-6 ¶ 153 (citing TMEP § 1604.11 and *In re Conusa Corp.*, 32 U.S.P.Q.2d 1857, 1993 WL 760210, at *3 (Comm'r Pat. & Trademarks Sept. 3, 1985)). Apple does not dispute this proposition, nor does it argue that use of the mark in Canada supports its claim of use in commerce in the United States. Instead, Apple argues that the URL for the specimen, cited in the declaration, clearly shows that its source is a Canadian website, and for that reason, there can be no fraud, as the declaration "shows that Apple provided the USPTO with the exact location of the website." Dkt. No. 93 at 18. However, unlike the other specimens challenged in the proposed TAC, the fact that the specimen allegedly was sourced to a Canadian URL ("www.apple.com/ca/education/k12/apple-professional-learning/") is a detail the examiner easily might have overlooked. Because the 2022 declaration could plausibly be read as affirmatively representing to the USPTO that the submitted specimen shows a relevant use in commerce *in the United States*, and did not alert the examiner to the fact that the specimen was from Canada, an intent to deceive the examiner may reasonably be inferred. Additionally, the proposed TAC's citations to counsel's knowledge and experience (*see, e.g.,* Dkt. No. 92-6 ¶¶ 141, 156) may be relevant to support a contention that any such misrepresentation could not have been "an honest misunderstanding or inadvertence." *See In re Bose*, 580 F.3d at 1246. Accordingly, the Court grants Mr. Bertini's motion for leave to file his proposed Claim 3 based on the 2022 declaration and submission of a screenshot from a Canadian website.

The Court takes a different view with respect to Mr. Bertini's allegations of a "wide gap" appearing in a screen capture saved by the Wayback Machine, but not appearing in the 2022 specimen. The parties appear to dispute the reason for any such gap. *See* Dkt. No. 92 at 27; Dkt. No. 93 at 20. But the salient point is that Mr. Bertini's allegations and evidence do not plausibly show that any content in the specimen was concealed or altered, or that the content of the specimen differs from the material Mr. Bertini says he found in the Wayback Machine. To the extent Mr. Bertini seeks to assert his proposed Claim 3 based on the "wide gap," the alleged misrepresentation is immaterial, and his motion is denied as futile.

16

### d. Other Evidence and Allegations

To the extent Mr. Bertini's proposed Claim 3 relies on other evidence, including Apple's Form 10-K filed with the SEC for the fiscal year ending September 29, 2018 (*see* Dkt. No. 92-3, Bertini Decl. Ex. 14), those allegations and materials do not support a fraud claim for the reasons discussed above.

\* \* \*

To the extent Mr. Bertini seeks leave to assert his proposed Claim 3 for fraud based on (1) the January 17, 2018 declaration and specimen of a website that allegedly was not publicly available; and (2) the January 14, 2022 declaration and Canadian website specimen, his motion is granted. Mr. Bertini's motion with respect to his proposed Claim 3 is otherwise denied in all other respects, because such amendment would be futile.

### 3. Proposed Claim 4 (Fraud in Audit/Maintenance)

Mr. Bertini's proposed TAC alleges that in response to a 2018 office action (i.e., a USPTO audit), Ms. Kitterman submitted two specimens to the USPTO and falsely stated that the specimens show use of the APPLE mark (1) "in providing on-line publications in the field of computers" and (2) "in the advertisement of the production of a live musical performance, namely a P!nk concert produced by Apple at the Ace Hotel in downtown Los Angeles." *See* Dkt. No. 92-6 ¶¶ 167-187 & Exs. 7, 8; *see also* Dkt. No. 92-3 at 39-52 (Bertini Decl., Ex. 19).

### a. First 2018 Specimen

According to the proposed TAC, Ms. Kitterman's statement regarding the first specimen and use of the APPLE mark is false because the specimen shows "Apple Machine Learning Journal," which Mr. Bertini contends is a three- or four-word mark that is distinct from the one-word APPLE mark. *Id*. ¶¶ 169, 171, 172. He further alleges that a third-party article produced by Apple in discovery demonstrates that "[t]he public and media view all four words" as the pertinent mark. *Id*. ¶¶ 170-171. For present purposes, the Court does not address the parties' competing arguments about what constitutes use (or not) of the APPLE mark. However, even assuming the truth of Mr. Bertini's allegations, his allegations and evidence regarding what the public or media may have believed about a mark do not provide a basis from which it may reasonably be inferred

17

that *Apple* had knowledge of any falsity or that it intended to deceive the USPTO.

The proposed TAC further alleges that the falsity of Ms. Kitterman's statement regarding the first specimen is demonstrated by her response to Mr. Bertini's written deposition questions. Specifically, the TAC alleges that Ms. Kitterman "recognized" that in a sentence in the first specimen, the word "'Apple' is used as a reference to Apple Inc." *Id*. ¶ 179. Both parties invite the Court to consider Ms. Kitterman's response to Mr. Bertini's written deposition Question No. 7, which asked whether the word "Apple" in a particular sentence in the specimen is "a reference to Apple Inc." *See* Dkt. No. 92-4 at 4 (Bertini Decl., Ex. 21); Dkt. No. 93-6 (Mazzello Decl., Ex. 5). In her response, Ms. Kitterman expressly stated that the specimen shows "multiple uses of Apple," including as a reference to Apple Inc. and as a service mark. *See* Dkt. No. 92-4 at 4 (Bertini Decl., Ex. 21); Dkt. No. 93-6 (Mazzello Decl., Ex. 5). Ms. Kitterman's deposition response does not plausibly support a fraud claim, as it indicates that she believed the first specimen includes use of the APPLE mark as a service mark.

To the extent Mr. Bertini's proposed Claim 4 also relies on an alleged "deceptive red arrow" and "circle" around the word "Apple" (*see* Dkt. No. 96-2 ¶ 183), that allegation does not support a plausible fraud claim for the reasons discussed above.

### b.     Second 2018 Specimen

Mr. Bertini's proposed TAC alleges that Ms. Kitterman's statement regarding the second specimen and use of the APPLE mark is false because the specimen shows use of "APPLE MUSIC," which Mr. Bertini contends is a "unitary mark." He further alleges that "Ms. Kitterman drew a red arrow on [the] specimen pointing to one word 'APPLE' to pretend that standalone mark is used, because she knew it is not so." *Id*. ¶¶ 180-183. To the extent Mr. Bertini's proposed Claim 4 relies on an alleged "deceptive red arrow," that allegation does not support a plausible fraud claim for the reasons discussed above.

* * *

Mr. Bertini's proposed Claim 4 and proffered documentation, considered as a whole, fall far short of demonstrating that he has a plausible claim for fraud in the audit/maintenance of Apple's mark. Mr. Bertini's motion for leave to amend to assert proposed Claim 4 is denied

because such amendment would be futile.

### C.   Further Leave to Amend

Mr. Bertini has had prior opportunities to amend his complaint. Fact discovery is closed. On the record presented, the Court finds that there are no additional facts that could be asserted to remedy the deficiencies in Mr. Bertini's proposed fraud claims. Accordingly, with the exception of the two specific bases (discussed above) for which Mr. Bertini is granted leave to file a TAC, the Court finds that further amendment would be futile and denies further leave to amend. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (citation omitted)).

## IV.   CONCLUSION

For the reasons discussed above, the Court denies Mr. Bertini's motion for leave to amend to file a third amended complaint asserting claims for cancellation of the APPLE mark based on fraud, **except** as expressly discussed above with respect to Mr. Bertini's proposed Claim 3 (and as may be relevant, his proposed Claim 5).

By **July 23, 2026**, Mr. Bertini shall file his proposed TAC, amended to comply with the rulings above. Mr. Bertini may not otherwise alter or amend his proposed allegations to expand his TAC beyond the permission granted by this order.

By **August 6, 2026**, Apple shall file its answer to the TAC.

By **August 13, 2026**, the parties shall submit a joint statement regarding any limited discovery to be conducted, and proposed date(s) for completing such discovery, in view of the rulings in this order. This order in no way re-opens discovery on the abandonment issue, as to which discovery remains closed. Following submission of the parties' joint statement, the Court intends to separately issue a scheduling order, as discussed at the April 14, 2026 conference.

**IT IS SO ORDERED.**

Dated: July 9, 2026



Virginia K. DeMarchi
United States Magistrate Judge